GUSTAV A. JURGENSEN, Appellant, *v.* MARY L. MORRIS and MARY W. LAFRANCE, Respondents.

Second Department, December 10, 1920.

Landlord and tenant — covenant in lease to give tenant "first option to purchase"— necessity that landlord submit specific offer from third person — specific performance where third person to whom property conveyed not made party — judgment for damages where not alleged in complaint nor proven at trial — covenant against subletting.

A covenant in a lease that the landlord, in case he shall desire to sell the premises before the expiration of the lease, shall give the tenant the "first option to purchase," obligates the landlord, if he wishes to sell to another person during the term, to offer the property to the tenant on the same terms as those offered to the landlord by a third person.

A letter from the landlord to the tenant which specified no price for the premises and notified the tenant of no offer by a third person, but which stated in substance that the landlord was desirous of selling and requested the tenant to name his price and terms, was of no force, and the failure of the tenant to reply did not terminate the covenant of the lease.

Specific performance could not be decreed, as the third person to whom the landlord conveyed the premises was not made a party to the action.

*It seems,* that damages cannot be assessed in a suit for specific performance of a contract to convey land where the complaint does not allege damages and the plaintiff does not offer proof thereof.

In an action by a tenant to compel specific performance of a covenant of a lease to convey the premises, a judgment against the plaintiff cannot be sustained on the ground that he violated a covenant against subletting, where it appears that evidence to show that the defendants acquiesced in the subletting was excluded.

APPEAL by the plaintiff, Gustav A. Jurgensen, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Kings on the 7th day of May, 1920, upon the decision of the court rendered after a trial at the Kings County Special Term.

*Francis X. Carmody,* for the appellant.

*Walter H. Griffin,* for the respondents.

MILLS, J.:

This action was brought to secure the specific performance of a contract of sale, to which the plaintiff claimed to be

entitled by virtue of a written agreement or option to purchase the said property contained in the lease thereof to plaintiff by the defendants.

There is really no dispute about the material facts. The lease in question to the plaintiff contained the following clause: " And the said parties of the first part agree that in the event of their desire to sell the above mentioned property, before the expiration of this lease, that the party of the second part shall have the first option to purchase."

The plaintiff was in possession of the said premises as tenant under said lease during the term of the lease, which ran from May 1, 1918, to May 1, 1921, and on October 3, 1919, the defendants, the landlord owners, sent to plaintiff by mail a letter of which the following is a copy:

" *Oct.* 3, 1919.

" Mr. G. A. JURGENSEN,

" 282 Livingston Street,

" Brooklyn, N. Y.

" DEAR SIR.— Desiring to realize on our interests in the premises 282 Livingston Street, we have concluded that it would be desirable to now sell the property, and in accordance with our agreement we give you the ' first option to purchase.' The property is without mortgage and is subject only to your lease and that of the tenant above you at $40 per month, expiring May 1st, 1920. We should prefer to have all cash, but it might be possible that we would leave 60 per cent of any price at which we agree to sell, on purchase money mortgage at $5\frac{1}{2}$ per cent for three years.

" If you desire to buy the property, please determine and advise us at the above address and on what terms and price, on or before Tuesday, October 7.

" Yours very truly

GEL /ES "

On October eleventh, following, defendants, having received no reply from plaintiff, entered into a written agreement to sell the said premises to August Keiser for the sum of $19,000, which sale was consummated by deed delivered on December eighteenth, following. The plaintiff before receiving that letter had offered defendants through their agent $16,000 and

had received no definite reply to his offer. After receiving the said letter plaintiff saw the defendants, or one of them, on November fifth, and was then told that the property had already been sold. Plaintiff's lease was not recorded until November 7, 1919; and he filed notice of pendency of this action on December 18, 1919, the very day upon which the said deed was delivered. The purchaser is not a party to this action.

The decision apparently found that the said covenant in the lease did not obligate the defendants to sell to plaintiff, and the respondents' brief here so contends; and the comment of the learned trial justice indicates that that was his view. I do not agree with that view. I think that the covenant was based upon a sufficient consideration, namely, the covenants on the part of the tenant; and that it obligated the defendants, if they wished to sell to another person during the term, to give the plaintiff the opportunity to take the property upon the same terms; in other words, that it required the defendants after receiving the Keiser offer to offer the property to plaintiff upon the same terms. The case of *Bullock* v. *Cutting* (155 App. Div. 825) appears to me to be precisely in point, except the covenant there in said option of buying " at the price which first parties [the landlord] desire to sell." That much, to my mind, is fairly implied in the term used, " first option."

In the second place, the decision concluded that as the plaintiff did not respond to the letter of October third, within a reasonable time, defendants' obligation to him, if any, was ended. I do not agree with that view. The letter of October third specified no price and notified the plaintiff of no offer from any one else. I think it was of no force whatever. The covenant did not authorize defendants to end their obligation to the plaintiff by calling upon him to make an offer at any time, but only to notify him of their receipt of another offer at which they wished to sell. Otherwise they might have ended their obligation to him at any time by demanding even a preposterous price.

In the next place, the decision concluded that as defendants had conveyed to a third person before the commencement of the action and that person was not a party, there could be no decree for specific performance. In that view I fully concur.

(*Saperstein* v. *Mechanics & Farmers Sav. Bank*, 228 N. Y. 257.)

It may well be that the purchaser when he entered into his contract on October eleventh, and when he carried it into effect, was bound to take full notice of the rights of the plaintiff as tenant in possession, and that, therefore, by taking his deed he only put himself in the place of the defendants and came under the same obligation to plaintiff that they were under to him, that is, to convey to him upon the same terms upon which the conveyance was made to him, the purchaser; but that question is not here for determination.

The decision likewise found that the court had no power to assess damages in this action. I suppose this contention to be correct, as the complaint did not specifically allege money damages, *i. e.*, money lost from the loss of the purchase; and, moreover, the plaintiff made no attempt to prove any such. The defendants also contend that plaintiff had violated the lease by subletting a part of the premises without the written consent of the landlords and, therefore, was entitled to no equitable relief. I do not regard that conclusion as sustaining the judgment, because the trial justice wrongfully excluded, over plaintiff's exception, evidence tending to show that defendants recognized the subtenant and acquiesced in the subletting.

It seems to me that the case should not have been tried until the purchaser had been brought in as a party defendant. Therefore, I advise that the judgment appealed from be reversed and a new trial granted, with costs to abide the final award of costs, with leave to plaintiff to move at Special Term to bring in the purchaser as a codefendant. In the event of his failure so to do, within thirty days, the judgment is affirmed, with costs.

JENKS, P. J., RICH, PUTNAM and KELLY, JJ., concur.

Judgment reversed and new trial granted, with costs to abide the final award of costs, with leave to plaintiff to move at Special Term to bring in the purchaser as a codefendant. In the event of his failure so to do, within thirty days, the judgment is affirmed, with costs.