NATHAN GARELIK and SAMUEL MARKMAN, Individually
and as Copartners, Doing Business under the Firm
Name and Style of GARELIK & MARKMAN, Plaintiffs,
*v.* MARY T. RENNARD, MEYER ZAUSNER, SAIDY
ZAUSNER, and 1504 PARK AVENUE CORPORATION,
Defendants.

(Supreme Court, New York County, August, 1921.)

Specific performance — when covenant in lease giving lessee right
of purchase runs with the land and passes with the assignment
of the lease.

A covenant in a lease that should the landlord desire to sell
the premises the tenant should have the preference of purchase
over all others provided he and the landlord could agree on a
price and terms of sale, runs with the land.

The landlord, in a lease containing such a covenant, consented
to an assignment of the lease and thereafter without notice
to the assignees conveyed the premises to the original tenant,
but neither informed the assignees of the terms and conditions
of the sale nor offered the property to them. *Held,* that the
covenant passed upon the assignment of the lease and was valid
and enforcible.

The assignees being ready, willing and able to comply with
the terms and conditions of the conveyance by the landlord,
were entitled to compel specific performance of the covenant
as a protection to the good will of the business conducted by
them on the premises.

ACTION for specific performance.

George Z. Medalie (George Sylvester, of counsel),
for plaintiffs.

Warren C. French, for defendant Mary T. Rennard.

Harold S. Fleischer, for defendants Meyer Zausner
and Saidy Zausner.

Shaine & Weinrib, for defendant 1504 Park Avenue
Corporation.

GUY, J. Defendant Rennard in June, 1916, leased certain real property to defendant Meyer Zausner for the term of five years by a lease which provided: " 8th. That in the event of said landlord at any time during the term hereby granted desiring to sell said premises she shall first offer the same to said tenant, who shall have the preference over other parties, provided said landlord and tenant can agree upon a price and terms of sale." On November 11, 1919, the lease was assigned to the plaintiffs. On November 26, 1919, defendant Rennard consented to the assignment of said lease. Plaintiffs took possession of the demised premises and paid rent therefor for more than a year. On January 6, 1921, defendant Rennard, without notice to the plaintiffs, conveyed the premises to defendant Meyer Zausner, who had more than a year before with the landlord's consent assigned his lease to the plaintiffs. Rennard neglected to inform plaintiffs of the terms and conditions of the sale; she also neglected to offer the property to them. Plaintiffs have fully performed their contract and desire to exercise their option and purchase the property pursuant thereto. Zausner took the conveyance in the name of the 1504 Park Avenue Corporation, subject to plaintiffs' lease. He paid $3,000 in cash and executed and delivered a purchase money mortgage for $12,000, balance of the purchase price. Plaintiffs are ready, willing and able to pay the same amount and take subject to whatever terms were agreed upon between Rennard and Zausner. Plaintiffs' business in the premises in question had a valuable good will, which can only be protected by specific performance. The covenant for a pre-emption is one running with the land and is not merely a personal covenant. It passed by the landlord's consent to the assignment of the lease. *Probst* v. *Rochester*

23

*Steam Laundry Co.,* 171 N. Y. 584, 587–589; *Walker* v. *Bradley,* 89 Misc. Rep. 517, 518–519; *Lewis* v. *Bollinger,* 115 id. 221. The contract to give tenant a preference should the landlord desire to sell, if the price and terms could be agreed upon, is valid and enforceable. *Jurgensen* v. *Morris,* 194 App. Div. 92–95; *Bullock* v. *Cutting,* 155 id. 825, 827–830; *Carney* v. *Pendleton,* 139 id. 152, 154; *Lewis* v. *Bollinger,* 115 Misc. Rep. 221; *Barcia* v. *Callender,* 125 N. Y. 307, 310–312. Judgment for plaintiffs, with costs against 1504 Park Avenue Corporation and both defendants Zausner.

Judgment for plaintiff.