NU-WAY SERVICE STATIONS, INC., *v.* VANDENBERG
BROS. OIL CO.

1. LANDLORD AND TENANT — OPTION TO PURCHASE — COVENANT RUN-
NING WITH LAND.

Option to purchase land in written lease for 10-year term if
lessor desired to sell the property at end of term, which gave
lessee first chance to buy property for period of 90 days after
expiration of term by meeting terms of any other previous
offer, *held,* valid and to constitute a covenant running with the
land.

2. SAME—OPTION TO PURCHASE—CONDITIONS.

Under option to purchase for period of 90 days at expiration of
lease if lessor then desired to sell, lessee was limited as to time
within which option might be exercised and also by the con-
tingency of whether the lessor or those in privity with him de-
sired to sell during that time and where undisputed evidence
shows that vendee of party which purchased premises at mort-
gage foreclosure sale held prior to expiration of term did not
desire to sell during such period the condition under which the
option might be enforced did not exist.

3. CONTRACTS—ACCEPTANCE OF OPTION.

Acceptance of an option must be in strict compliance with the
terms proposed, both as to the exact thing offered and within
the time specified; otherwise the right is lost.

4. SAME—OPTIONS—TIME.

The power vested in an optionee to exercise a right at the end of
a fixed period does not authorize him to exercise it prior to the
time designated.

5. LANDLORD AND TENANT—OPTION TO PURCHASE.

A court has no power to change the terms of an option to pur-
chase land incorporated in a lease for the advantage of a party
thereto.

6. SAME—OPTION TO PURCHASE—ADDITIONAL LAND—LESSOR'S PRIV-
   IES.

    Lessee under lease, containing option to purchase for period of
      90 days after expiration of 10-year term if lessor then desired
      to sell, *held*, not entitled to enforce option as defendant in
      action of ejectment where lessor had lost premises, including
      those leased, through foreclosure of a mortgage on leased
      premises and a contiguous parcel, and land contract purchaser
      from purchaser at foreclosure sale was not desirous of selling
      leased premises at time limited by option, notwithstanding
      lessee's offer to purchase the additional land.

WIEST, C. J., and BUTZEL and BUSHNELL, JJ., dissenting.

Appeal from Ottawa; Sanford (Joseph F.), J.,
presiding.    Submitted October 7, 1937.    (Docket
No. 61, Calendar No. 39,693.)   Decided April 4, 1938.

Ejectment by Nu-Way Service Stations, Inc., a
Michigan corporation, against Vandenberg Bros. Oil
Company, a Michigan corporation, to obtain posses-
sion of certain premises.    Judgment for plaintiff.
Defendant appeals.    Affirmed.

*Arthur W. Penny*, for plaintiff.

*Diekema, Cross & Ten Cate*, for defendant.

NORTH, J.    I am in accord with the opinion by
Mr. Justice WIEST in so far as it holds that the op-
tion in question is valid and that it constitutes a
covenant running with the land.   But I cannot agree
with his statement that "defendant had a right to
accept the terms of the option *when the sale was
made to plaintiff*."   The contract sale to plaintiff
was made October 27, 1936.   The option held by de-
fendant did not give it a right to purchase on that
date.   Instead the option was limited by its own
terms to a period of 90 days beginning at the expir-

ation of defendant's lease, February 1, 1937. The option reads: "in case the said party of the first part desires to sell said property *at the end of the term of this lease,* * * * for a period of 90 days" defendant shall have "the first chance" to purchase on the most favorable terms. Obviously defendant had only a limited or conditional option, so-called. Its rights as an optionee were limited first by the period of 90 days beginning February 1, 1937, and also by the contingency of whether the optionor (or those in privity with him) desired to sell "at the end of the term of this lease." The undisputed testimony is that neither the optionor nor those standing in privity with him desired to sell the property at the expiration of the lease. The bank trustees did not have the power to sell at that time except subject to the contract rights of plaintiff. Plaintiff did not desire to sell. Therefore the condition under which the option might be enforced did not exist.

"Acceptance of an option must be in strict compliance with the terms proposed, both as to the exact thing offered and within the time specified; otherwise the right is lost." *Bailey* v. *Grover* (syllabus), 237 Mich. 548.

The option in the instant case differs from those in the cases cited and relied upon in my Brother's opinion. In those cases the option ran concurrently with the leasehold period. At any time during that period the optionee could have enforced his right to purchase. But in the instant case by its own terms the option was not enforceable until the expiration of the lease and during the next 90 days thereafter. The defendant company did not have an option which it could enforce prior to the expiration of its lease. Instead its lessor (optionor) and his grantees had

the right to continue ownership of the property and to enjoy the profit by way of rents and income therefrom. In other words, by its terms the option in no way limited the optionor's right to convey the title to someone other than the optionee during the leasehold period. With such a transaction the optionee had no concern. Instead, its only right was that in event the optionor or those who stood in privity with him desired to sell the property within the period of 90 days next after the expiration of the lease, the defendant was to have "the first chance to buy said property."

It developed that the property was not for sale during the period of the option and, therefore, defendant had no right to purchase under its terms. The situation would have been different if plaintiff had desired to sell the property during the option period. Then, and only then, would defendant under its option have possessed the right to purchase on the most favorable terms.

In *LaDow* v. *E. Bement & Sons,* 119 Mich. 685 (45 L. R. A. 479), this court was considering an option which provided for the repurchase of stock "at the end of two years." And we there said: "Clearly, plaintiff could not exercise the option until the complete expiration of the two years." The phrase "to sell said property at the end of the term" means exactly what it says.

" 'At the expiration of three years' means, and was intended to mean, the day on which the period of three years expired. The meaning is as clear, we think, as it would be in the case of an ordinary promissory note for the payment of a sum of money at the expiration of three years from date." *Magoffin* v. *Holt,* 62 Ky. 95.

The power vested in an optionee to exercise a right at the end of a fixed period does not authorize him to exercise it prior to the time designated.

"He had no right to make this election (to retain or return stock) before the expiration of the time. The time for such election expired at midnight on November 30, 1892, and it could not have been made until the full expiration of the time." *Rogers* v. *Burr,* 97 Ga. 10 (25 S. E. 339).

The condition precedent to defendant's option being effective during the 90 days next after the termination of its lease did not exist. The owner of the property did not desire to sell it at that time. Hence defendant had no enforceable rights in the property under its conditional option. The court has no power to change for defendant's advantage the terms of its option.

Defendant's position is further complicated by the fact that the property which plaintiff purchased was not the identical property covered by defendant's option. Instead the property purchased by plaintiff was a substantially larger parcel of land which included that covered by defendant's option. From the record in this case it cannot be said that either defendant's optionor or the plaintiff in this case ever desired to sell (separate and apart from the contiguous land) the parcel covered by the option. In consequence the record does not disclose on what terms the optioned parcel was ever offered for sale, if at all. To obviate this difficulty, defendant now offers to purchase from plaintiff all of the land which plaintiff holds as a contract purchaser. Obviously defendant has no enforceable rights in the property not covered by its option; and further neither it nor the optioned property was for sale during the option period.

The judgment entered in the circuit court is affirmed, with costs to appellee.

Sharpe, Potter, and Chandler, JJ., concurred with North, J.

Wiest, C. J. (*dissenting*).   This is an action of ejectment.

Defendant claims right to possession of the premises by virtue of acceptance of an option right to purchase.

January 8, 1927, Percy Ray, then the owner, leased the premises, in the city of Holland, to defendant for a term of 10 years.   The lease provided:

"It is further agreed that in case the said party of the first part desires to sell said property at the end of the term of this lease, that said party of the second part shall have the first chance to buy said property for a period of 90 days, by meeting the terms of any other previous offer.   *   *   *

"The covenants, conditions and agreements, made and entered into by the several parties hereto, are declared binding on their respective heirs, representatives and assigns."

After execution of the lease and entry by defendant, the lessor, on November 11, 1927, mortgaged the premises to the First State Bank of Holland and, on July 16, 1930, deeded the premises to his wife. The mortgage was foreclosed and, upon sale, a circuit court commissioner's deed was issued to Paul E. Cholette on August 10, 1934, who took title merely as agent for the bank.   The wife of the mortgagor gave Mr. Cholette a quitclaim deed on September 16, 1935.   September 17, 1935, Mr. Cholette and wife deeded the premises to the trustees of the segregated assets of the First State Bank, such trustees having been appointed by the circuit court for the county of

1938]   NU-WAY SERVICE STATIONS *v.* OIL CO.   557

Ottawa on May 3, 1935.   October 27, 1936, the trustees sold the premises on land contract to plaintiff. That contract stated:

"Vandenberg Brothers Oil Company, existing lease payable $75 a month, cannot be located but should such lease be located and found to be valid and in force, same is to be terminated not later than April 10, 1937."

And the lease was therein assigned to the vendee.

January 27, 1937, defendant gave the trustees notice of election to exercise the mentioned option to purchase by meeting the terms and conditions of contract sale to plaintiff and tendered a land contract to such effect, executed by defendant. This was rejected.   On March 8, 1937, this suit was brought by the land contract vendee and, upon trial before the court, plaintiff had judgment of ouster.   Defendant reviews by appeal.

Defendant contends: (1) that the option in the lease was valid and binding upon all persons chargeable with knowledge thereof; (2) that the option was a covenant running with the land; (3) that the option was not rendered unenforceable by sale under land contract before expiration of the lease.

The option in the lease was valid, constituted a covenant running with possession of the land, estopped the optionor from executing any defeative instrument and rendered possession by the lessee and optionee constructive notice to third parties of rights thereunder.

After notice of acceptance of the terms of the option and tender of performance defendant, in equity and law, being in possession, holds with rights superior to the optionor and others claiming rights under indentures subsequent to, and with actual or constructive notice of, the option covenant.

Notice was had by the mortgagee and the purchaser under land contract and defendant had a right to accept the terms of the option when the sale was made to plaintiff. Such an option in a lease is not uncommon and is of value, both to lessor and lessee. It induces a long-time rental under which improvements may be made by the tenant with assurance of ultimately obtaining the title and not having to make removal.

In support of what we have said, we cite and quote from the following cases:

"An option is not an actual or existing contract, but merely a right reserved in subsisting agreement. It is a continuing offer of a contract, and if the offeree decides to exercise his right to demand the conveyance, he must signify that fact to the offerer. The option is not a sale. It is not even an agreement for a sale. At best, it is but a right of election in the party securing the same to exercise a privilege, and only when that privilege has been exercised by acceptance does it become a contract to sell. It is a continuing offer to sell which may or may not, within the time specified at the election of the optionee, be accepted. The owner parts with the right to sell to another for such time and gives to the optionee the exclusive privilege to buy on the terms set forth in the option." 5 Thompson on Real Property, p. 390, § 4287g.

In *Garelik* v. *Rennard,* 116 Misc. 352 (190 N. Y. Supp. 371), a five-year lease provided:

"That in the event of said landlord at any time during the term hereby granted desiring to sell said premises she shall first offer the same to said tenant, who shall have the preference over other parties, provided said landlord and tenant can agree upon a price and terms of sale."

Held—

"The covenant for a pre-emption is one running with the land, and is not merely a personal covenant. * * * The contract to give tenant a preference, should the landlord desire to sell, if the price and terms could be agreed upon, is valid and enforceable." Citing cases.

"A covenant in a lease for an option to purchase relates to and runs with the land." *Chas. J. Smith Co., Inc.,* v. *Anderson* (syllabus), 84 N. J. Eq. 681 (95 Atl. 358).

In *Pearson* v. *Horne,* 139 Ga. 453 (77 S. E. 387), the option provided:

"I hereby agree if I should decide to sell my half interest in the property corner of Second and Cherry streets, Macon, Ga., to give him the option of purchasing same for his clients, at any price that may be offered for the property by other parties."

Held—A valid and enforceable option.

In James on Option Contracts (1st Ed.), p. 81 *et seq.,* § 211, it is said:

"An option recited that 'in consideration of $1,000 advanced to me by H, I hereby agree, if I should decide to sell my half interest in (certain lands), to give him the option of purchasing the same for his clients at any price that may be offered by other parties.' The optionor, without notice to the optionee, sold the property to a third person for a certain sum. The optionee thereupon brought suit to recover damages, alleging that the value of the option was the excess of the selling over the option price. It was urged as a defense that the price to be paid under the option was not stated and that the contract was, therefore, void, but the court ruled the contract must be construed as meaning that if any price was offered to the optionor for the property

which she would be willing to accept, it was her duty to give the optionee the privilege of purchasing at that price.''

The same author continues:

''The same conclusion was reached in a Nebraska case where a provision in a lease of land gave the lessee an option to purchase the property during the term 'at any price offered by a third party satisfactory to' the lessor; and in a Texas case where an option in a lease gave the lessee 'the preference right to purchase said land at any *bona fide* offer made and acceptable (to the lessor) by any responsible party;' and in an Illinois case where a provision in a lease reserved the right to the lessor to sell the land at any time but provided that no sale should be made by him 'without first having given said second party (lessee) the privilege of purchasing said land upon such terms and at the same price per acre, as any other person or purchaser might have offered therefor;' and in another case, from the same State, where, by the provisions of a lease the lessee was given 'the first opportunity to purchase said premises provided he will pay as much as any other person.' ''

In *Waters* v. *Wambach,* 140 Md. 253 (117 Atl. 751), it was said of an intervener:

''If she was not then actually aware of the option of purchase held by the plaintiff under the lease, it does not appear from any evidence in the case that she was without such information. At all events, she had knowledge of the plaintiff's possession, and as she could readily inform herself as to his rights and interests, it is proper that she should be chargeable with notice of their nature and extent. *Engler* v. *Garrett,* 100 Md. 387 (59 Atl. 648); 16 R. C. L. p. 538.''

In *Gates* v. *Shannon,* 200 Ky. 387 (255 S. W. 79), it was held, quoting syllabus:

"Notice of right of lessee under his lease to purchase the property will be imputed to a purchaser from the lessor by actual possession of the land by the lessee."

See, also, *Kerr* v. *Day,* 14 Pa. 112 (53 Am. Dec. 526); *Ohio River Junction R. Co.* v. *Pennsylvania Co.,* 222 Pa. 573 (72 Atl. 271).

Plaintiff has no more right to possession than its vendor, and its vendor's rights are subject to the option rights of the defendant.

The judgment should be reversed without a new trial, and, with costs to defendant.

Butzel and Bushnell, JJ., concurred with Wiest, C. J. Fead, J., took no part in this decision.