## BRENNER *v.* DUNCAN.

1. LANDLORD AND TENANT—FIRST PREFERENCE IN EVENT OF SALE—LEASED LAND INCLUDED IN TRACT.

   Landlord's sale of entire 100-foot tract to third party did not defeat rights of tenants of west 75 feet thereof under their lease containing a provision giving them a first preference in the event the land was sold where tenants were not given an opportunity to buy either part or all of the tract.

2. FRAUDS, STATUTE OF—FAILURE TO FIX PRICE—FIRST PREFERENCE TO BUY IN LEASE.

   Provision in lease of land giving tenants first preference in event of sale was not unenforceable for vagueness under statute of frauds because of failure to fix price, since such objection was met when the optionor fixed a price at which he was willing to sell (3 Comp. Laws 1929, § 13413).

3. LANDLORD AND TENANT—OPTION TO BUY IN EVENT OF SALE—FAILURE TO FIX PRICE.

   Provision of option to purchase, if adequate in other respects, was not unenforceable because of failure to fix price therein since it becomes a definite offer which, when accepted by the optionee, ripens into a mutually binding contract, specifically enforceable.

4. SPECIFIC PERFORMANCE—BILATERAL CONTRACTS—ACCEPTED OPTION.

   Specific performance may be had of a bilateral contract arising out of acceptance of an option, for upon acceptance there is mutuality of obligation.

5. CONTRACTS—TENDER—OPTION.

   A tender of money within the time limited by an option is sufficient to make the contract, otherwise evidenced by the option, mutual and binding upon both parties.

---

* Continued from Vol. 317.

6. SAME—OPTIONS—ACCEPTANCE.

While an offer to sell property, the acceptance of which is optional with the vendee, is not binding upon the vendor until accepted, its acceptance before withdrawal makes a complete and mutual contract, capable of enforcement.

7. SPECIFIC PERFORMANCE—OPTION TO PURCHASE IN LEASE—TENDER.

Tenant's right to specific performance of option to purchase, contained in lease, could not be defeated by sale of leased premises and adjacent land for one stipulated price without notice to tenants so that they might tender amount for parcel covered by their option, on ground of lack of mutuality in that option to purchase had never been accepted since the optionor prevented fulfillment of the option by committing a breach of the contract

8. LANDLORD AND TENANT—OPTION TO PURCHASE—DUTY OF LESSOR.

Provision of lease giving tenants first preference in event of sale imposed upon the landlord the duty to fix a specific sum as the amount at which he was willing to sell such premises and to afford the tenants an opportunity to buy same at such figure, before he sold it to others.

9. SAME—SALE OF LEASED PREMISES WITH ADJACENT LAND—OPTION TO PURCHASE LEASED LAND.

Where landlord sold leased premises and adjacent land for one stipulated price without affording tenants an opportunity to exercise the first preference accorded them in the lease the landlord must be deemed to have sold the leased premises for a sum bearing such ratio to the total sum received as the value of said parcel bears to the value of the entire parcel sold and the tenants are entitled to purchase their parcel for such figure if they so desire.

Appeal from Wayne; Miller (Guy A.), J. Submitted January 14, 1947. (Docket No. 70, Calendar No. 43,616.) Decided May 16, 1947.

Bill by Harry Brenner and another against Russell C. Duncan and others to specifically enforce an option in a lease. Decree for defendants. Reversed and decree entered for plaintiff.

*George Bashara* and *George E. Brand,* for plaintiffs.

Walter A. Kuck, for defendants.

DETHMERS, J.  In 1938 Burleigh Randall was the owner of a parcel of land 100 feet in width, the west 75 feet of which are the subject matter of this litigation.  During the pendency of a suit which ultimately resulted in entry of a judgment against him for approximately $10,000 he conveyed the entire parcel to his stepson and wife, the defendants Duncan; they later conveyed to defendant Helen E. Kraker, who thereafter became Randall's wife. The judgment creditors levied on the property and filed a creditors' bill claiming that all of said conveyances, apparently made without consideration, were in fraud of creditors.

The Duncans, while they held title, granted to plaintiffs a lease for a term of 7½ years, covering the west 75 feet of the premises for use as a produce market.  The lease required plaintiffs to erect a building thereon for such purpose, which, at the end of the term, would belong to the lessors.  Also contained in the lease was the following provision:

"That in the event the land is to be sold, the tenant will be given first preference and allowed to purchase said land if the parties can agree on the price."

Plaintiffs went into possession, constructed the building at a cost of about $3,000, have paid the rent as due and continue in possession, operating their business thereon.

With the entire 100-foot parcel subject to the $10,000 levy and about to be lost for unpaid taxes amounting to almost $5,000, defendant Helen E. Randall sold it to the defendants Powers for $15,000, using the proceeds to pay said judgment and taxes. She made the sale without giving plaintiffs the first preference and allowing them to purchase as pro-

vided in the lease. Plaintiffs brought this suit for specific performance.

After plaintiffs had discontinued as to the defendants Duncan the trial court heard the matter, held that the option clause constituted a covenant running with the land so as to bind defendant Helen E. Randall and defendants Powers, but dismissed the bill on the grounds that, first, the covenant was too vague and indefinite to be specifically enforced because it fixed no price, and, second, that the condition of the option "in the event the land is to be sold" never occurred because Helen E. Randall had never desired to sell the west 75 feet alone, but instead desired to sell the entire parcel in order to be able to realize the $15,000 required to pay the judgment and taxes. But the record fails to disclose that Helen E. Randall ever attempted to realize the $15,000 either from a possible sale of the west 75 feet alone or by separate sales of the two parcels. Never did she afford the plaintiffs an opportunity to buy either the west 75 feet or the entire 100 feet for $15,000 or for any other figure whatsoever. She proceeded to sell to others in utter disregard of the plaintiffs and their rights under the option. Be that as it may, the fact remains that the 75 feet were sold and consequently the condition of the option "in the event the land is to be sold" did occur. As for the objection that so-called "preference" or "first refusal" option clauses, which leave price to the future agreement of the parties, are void under the statute of frauds [*] and unenforceable for vagueness, such objection is met when the optionor fixes a price at which he is willing to sell. The option, if adequate in other respects, thereupon becomes a definite offer, which,

[*] See 3 Comp. Laws 1929, § 13413 (Stat. Ann. § 26.908).—Reporter.

when accepted by the optionee, ripens into a mutually binding contract, specifically enforceable. *Garelik* v. *Rennard,* 116 Misc. 352 (190 N. Y. Supp. 371); *Jurgensen* v. *Morris,* 194 App. Div. 92 (185 N. Y. Supp. 386); *R. F. Robinson Co.* v. *Drew,* 83 N. H. 459 (144 Atl. 67); *Parker* v. *Murphy,* 152 Va. 173 (146 S. E. 254). While the case turns on a different question, adherence to this view is also expressed by this Court in *Nu-Way Service Stations, Inc.,* v. *Vandenberg Bros. Oil Co.,* 283 Mich. 551.

Defendants contend that specific performance is not available to plaintiffs here because the option clause created no mutuality of obligation. This contention is answered by Mr. Justice WIEST, speaking for the Court, in the case of *Tromley* v. *Lange,* 236 Mich. 240, 241, as follows:

"It must be kept in mind that specific performance is of a bilateral contract arising out of acceptance of an option."

In *Agar* v. *Streeter,* 183 Mich. 600, 602 (L. R. A. 1915 D, 196, Ann. Cas. 1916 E, 518), this Court said:

"The tender of the money within the time limited was sufficient to make the contract otherwise evidenced by the option mutual and binding upon both parties."

And to the same effect the following:

"While an offer to sell property, the acceptance of which is optional with the vendee, is not binding upon the vendor until accepted, its acceptance before withdrawal makes a complete and mutual contract, capable of enforcement." *Wilcox* v. *Cline* (syllabus), 70 Mich. 517.

Defendants insist, however, that there is no mutuality here because plaintiffs never made a tender nor accepted the offer contained in the option. But

such acceptance by plaintiffs was made impossible by the defendants. Defendant Randall sold to the defendants Powers without notice to plaintiffs and sold the property covered by the option together with the adjacent parcel for one stipulated price so that plaintiffs, even now, cannot know what amount to tender for the parcel covered by their option. Under like circumstances the supreme court of California has held that it is competent for the court to fix the option price, afford the optionee an opportunity to accept and thereupon specifically enforce the resulting contract. *Wilson* v. *Brown,* 5 Cal. (2d) 425 (55 Pac. [2d] 485) ; *Bewick* v. *Mechem,* 26 Cal. (2d) 92 (156 Pac. [2d] 757, 157 A. L. R. 1277). In the latter case the court said:

"A party who prevents fulfillment of a condition of his own obligation commits a breach of contract * * * and cannot rely on such condition to defeat his liability."

The terms of the lease imposed upon Helen E. Randall a duty, before selling to the defendants Powers, to fix a specific sum as the amount at which she was willing to sell the premises in question and to afford the plaintiffs an opportunity to buy the same at such figure. Her failure to do so constituted a breach of contract, making acceptance of the option by plaintiffs impossible. This situation, resulting from her own breach, may not be relied upon as a defense to plaintiffs' suit.

Defendant Randall must be deemed to have sold the 75-foot parcel for a sum bearing such ratio to $15,000 as the value of said parcel bears to the value of the entire 100-foot parcel. Plaintiffs are entitled to purchase the 75 feet for such figure, if they so desire.

The case is therefore reversed and remanded to the trial court for a determination of the propor-

tionate values of the two parcels and to give plaintiffs an opportunity, within such reasonable time thereafter as may be fixed by the trial court, to tender and pay into court a sum bearing such ratio to $15,000 as the value of the 75-foot strip is found to bear to the value of the 100-foot parcel. Upon such tender and payment by plaintiffs, the option becomes a mutually binding contract for the enforcement of which a decree will enter as prayed by plaintiffs. Costs to plaintiffs.

CARR, C. J., and BUTZEL, SHARPE, REID, and NORTH, JJ., concurred with DETHMERS, J. BUSHNELL, and BOYLES, JJ., concurred in the result.