George W. PLAVEC, Appellant,

v.

W. A. BURCH and Milne Truck Lines, Inc., Appellees.

No. 6929.

United States Court of Appeals
Tenth Circuit.

Oct. 31, 1962.

Rehearing Denied Dec. 5, 1962.

Charles W. Singer, Washington, D. C. (Donald C. McKinlay and Joseph W. Morrisey, Jr., Denver, Colo., with him on brief), for appellant.

Herbert M. Boyle, Denver, Colo. for appellee W. A. Burch.

Warren L. Tomlinson and Gordon G. Greiner, Denver, Colo. (of Holland &

Hart, Denver, Colo.) and Wood R. Worsley, Salt Lake City, Utah (of Skeen, Worsley, Snow & Christensen, Salt Lake City, Utah) on brief for appellee Milne Truck Lines, Inc.

Before MURRAH, Chief Judge, and PICKETT and HILL, Circuit Judges.

MURRAH, Chief Judge.

This is an appeal from a summary judgment decreeing specific performance of an option-to-purchase contract. See: Burch v. Milne Truck Lines, Inc., D.C. 199 F.Supp. 575 (1961). Factual details and chronology are important to an understanding of the question presented.

Appellee Burch had a contract with Milne Truck Lines, Inc., to operate a portion of its interstate trucking permit. Milne was given the right to cancel the agency agreement upon thirty days notice, in the event the yield to it under the contract was less than a stipulated amount for any full calendar month. The contract also pertinently provided that if at any time during its terms and within six months thereafter, Milne received a "bona fide offer to purchase," which he was willing to accept, he would then give Burch immediate notice in writing of such bona fide offer, setting forth the details, and Burch would have the "first option to acquire" the operating rights on the same terms, within sixty days.

While the Milne-Burch contract was in force, Milne entered into an agreement with Appellant Plavec, by which he granted Plavec a ninety-day option to purchase the subject rights. This option agreement referred to the Milne-Burch agreement, and specified that Milne would immediately take appropriate steps to terminate it. In the event the Burch contract was not terminated, the Plavec option was to be null and void. Soon after the Plavec option, Milne gave Burch the required thirty day written notice of cancellation, and about a week later, gave him written notice of the Plavec option, stating the terms and conditions thereof. Burch immediately notified

Milne in writing of his intention to exercise his "option * * * to acquire," and proceeded to comply with all of its terms and conditions. Milne equivocally replied, acknowledging Burch's purported exercise of his option, but stated that nothing should be construed in any way as indicating an agreement to enter into any contract with him for the sale of the rights. The tendered money consideration for the contract was returned to Burch. Burch then brought this suit against Milne for specific performance. Thereafter, and within the ninety day period provided in his option, Plavec gave notice of his intention to exercise his option, and intervened in this suit to assert his rights under the contract by way of counterclaim.

These operative facts form the basis for the trial court's summary judgment, and the parties seem to agree that there are no other pertinent facts. The trial court observed, and it seems to be agreed, that the Milne-Plavec option agreement was executed, and Burch attempted to exercise his option rights under his contract before Milne's thirty day cancellation notice became effective. It also seems to be agreed that the Burch contract was duly cancelled and the option therein expired at the end of the thirty day notice, unless the Plavec option agreement constituted a "bona fide offer to purchase," as contemplated by the Milne-Burch agreement.

The trial court interpreted the Milne-Plavec option agreement as obligating Milne "to sell the operating rights on terms certain, at a specified price, conditioned only upon the termination of the rights of Burch," and that "the Milne-Burch agreement by its terms contemplated just such a situation"; that "Milne interpreted the Plavec option as a bona fide offer or it wouldn't have felt compelled to notify Burch of the option agreement." In sum, the indisputable effect of the trial court's holding is that Milne's agreement with Plavec, to sell for a specified price on specified terms, was a "bona fide offer to purchase," with-

in the meaning and terms of Milne's option agreement with Burch.

We do not believe the Plavec option agreement can be so construed, nor do we believe that Milne so construed it by giving Burch notice of it. The mere fact that Milne felt obligated to inform Burch of it does not necessarily mean that he construed his offer to sell as the receipt of a bona fide offer to purchase. An offer to sell, such as the Plavec option, is a continuing offer, which when accepted within its terms by the optionee, ripens into a mutually binding contract, specifically enforceable. Brenner et al. v. Duncan et al., 318 Mich. 1, 27 N.W.2d 320. But the option does not bind the optionee until such time as he chooses to accept the offer, and until there is an acceptance, there can be no agreement to purchase. Williston on Contracts, 3rd Ed. §§ 61 A and B, p. 199; Corbin on Contracts, Vol. 1, §§ 262, 263; and Cf. Dunton Mortgage Company, Inc. v. Breymaier et al., 136 Colo. 343, 316 P.2d 1048.

The trial court thought that this case was ruled by Brenner, supra, but we do not think so. That case involved a lease contract which provided that "in the event the land is to be sold, the tenant will be given first preference * *." The land was sold without notice to the optionee, and the Michigan court held that the optionor breached his contract by failing to afford the optionee the opportunity to buy the land on the same terms as the sale. The decisive difference in Brenner and our case lies in the fact that in Brenner, the option was conditioned only upon the event that the "land is to be sold." In our case, the option agreement grants to the optionee the first right of refusal of a "bona fide offer to purchase." The decisive point in our lawsuit is that Milne's offer to sell to Plavec was not a "bona fide offer to purchase," and could not ripen into one because by its specific provisions, it was not effective or operative until cancellation of the Burch agreement. It could not, therefore, have actuated the Burch option.

We hold that the Burch option agreement was effectively cancelled upon expiration of the thirty days notice, and that Plavec, having exercised his option within the ninety days provided in his contract, is entitled to enforcement. The case is reversed and remanded with direction to enter judgment on the counterclaim.