OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
Plaintiff leased a small strip of land from defendant Buffalo Structural Steel Corp. (BSS) in order to erect a billboard, and lease it for advertising. Plaintiff seeks to recover lost profit damages it allegedly suffered by virtue of BSS’s breach of a lease provision giving plaintiff "the first option to erect additional signs for advertising purposes with the consent of the Landlord which event would necessitate an additional lease upon terms to be agreed upon at such time”.
Plaintiff asserts that this provision, added at the request of BSS, created an enforceable right of first refusal which BSS breached by entering into two leases for the erection of billboards with defendant National Advertising Co. (National) without first giving it the opportunity to enter into the leases on identical terms. The terms "first option” in the context of a lease, ordinarily, but perhaps not invariably, create a right of first refusal (see, e.g., Cortese v Connors, 1 NY2d 265; Jurgensen v Morris, 194 App Div 92). Under traditional rules of landlord-tenant law, however, a tenant not yet in possession of demised premises may not recover profits which allegedly would have been earned if not for a breach by the landlord preventing the tenant from taking possession (see, e.g., Dodds v Hakes, 114 NY 260; cf. Smilo v Cooper-Smith, 302 NY 789; City of New York v Pike Realty Corp., 247 NY 245). Although this rule of law has been widely criticized (see, e.g., Dunn, Recovery of Damages for Lost Profits § 2.24, and cases cited therein [2d ed & 1985 Supp]), we are not yet prepared to abandon it where its application at the time of contracting (1969) was clear, and where, given the uncertainty surrounding the clause at issue, its abrogation might result in a windfall to plaintiff, a year-to-year tenant paying $600 per year rent at the time of the breach.
As to defendant National, we agree with the view of both the majority and dissent below that plaintiff failed to show that National intentionally induced BSS to breach the first option provision. It was not improper for National to make an offer to BSS, and there was no evidence that National had *1015 knowledge of BSS’s failure to offer plaintiff a right of first refusal.
Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander and Titone concur; Judge Jasen concurs in result only.
On plaintiff’s appeal, order affirmed, with costs, in a memorandum. Cross appeal by defendant Buffalo Structural Steel Corp. dismissed, without costs, upon the ground that it does not lie as of right (CPLR 5601).