760 P.2d 1102

**Ron MARTINESI, Plaintiff/Appellant,**

v.

**Hayden TIDMORE, Defendant/Appellee.**

**2 CA-CV 88-0023.**

Court of Appeals of Arizona, Division 2, Department B.

June 16, 1988.

Reconsideration Denied July 27, 1988.

**54**

Jeffrey H. Greenberg, Tucson, for plaintiff/appellant.

Little, Fisher, Siegel & Bellovin, P.C. by Robert Douglas Little, Tucson, for defendant/appellee.

## OPINION

FERNANDEZ, Judge.

Appellant Ron Martinesi asserts that the trial court erroneously dismissed his suit against appellee Hayden Tidmore, contending that Tidmore can be held liable for breach of an option agreement even though Tidmore conveyed the property to a purchaser with notice of the option provision. We agree with appellant and reverse.

On October 26, 1976, Tidmore and Martinesi entered into a lease for a restaurant building in Amado, Arizona. The lease term ran from December 1, 1976, to November 30, 1981. Included in the terms was an option for Martinesi to purchase the property for $35,000. The lease was not recorded.

In February 1979, Tidmore sold the property to James and Barbara Bagley and assigned them his rights in the lease and option to purchase. The Bagleys defaulted on their purchase agreement, and Tidmore took back the property in April 1980.

On April 2, 1980, Tidmore quit-claimed the property to his ex-wife, Marie Shallenberger, in satisfaction of a judgment lien held by Shallenberger in their dissolution decree. In an April 2, 1980, letter to Shallenberger, Tidmore stated that he was enclosing an assignment of the lease with the option to purchase as well as a copy of the lease and an addendum to the lease.

In June 1981, Martinesi attempted to exercise the option, but Shallenberger refused to convey the property. Martinesi filed suit against both Shallenberger and Tidmore in September 1981, seeking declaratory relief, damages for breach of contract and specific performance. In August 1986, the trial court granted Martinesi's summary judgment motion against Shallenberger on the issue of liability. The motion was based on Martinesi's contention that Shallenberger took the property subject to the lease and option to purchase since she had notice of both at the time the property was quit-claimed to her.

The case was tried to the court in January 1987 on Martinesi's causes of action for breach of contract and specific performance. At the close of Martinesi's case, the court granted Tidmore's motion to dismiss on the ground that no breach of contract had been shown.

On appeal, Martinesi contends that Tidmore could not relieve himself of liability to Martinesi on the option agreement by conveying the property to Shallenberger since Martinesi did not consent to a substitution of parties to the contract. Martinesi has confused the issues by arguing that a property owner cannot defeat a right of first refusal simply by selling the option property, citing *Denco, Inc. v. Belk*, 97 So.2d 261 (Fla.1957); *Brenner v. Duncan*, 318 Mich. 1, 27 N.W.2d 320 (1947); and *L.E. Wallach, Inc. v. Toll*, 381 Pa. 423, 113 A.2d 258 (1955). An option is defined as "[a] right, which acts as a continuing offer, given for consideration, to purchase or lease property at an agreed upon price and terms, within a specified time." Black's Law Dictionary 986 (5th ed. 1979). A right of first refusal, on the other hand, is defined as the "[r]ight to have first opportunity to purchase real estate when such becomes available, or right to meet any other offer." Id. at 1191. Since Martinesi held an option to purchase rather than a right of first refusal, the cases he cites are inapplicable.

▮ In the case of an option, the rule is that an owner may convey the property, and the grantee takes it subject to the option if he has either actual or constructive notice of the option. *Dunlap v. Fort Mohave Farms, Inc.*, 89 Ariz. 387, 363 P.2d

 

194 (1961). The fact that the owner may convey the property to a third party prior to exercise of the option does not mean, however, that the owner is thereby relieved of liability for a subsequent breach of the option agreement by the purchaser. Restatement (Second) of Contracts § 318(3) (1979), regarding the delegation of performance of a duty required to be performed under a contract, provides as follows: "Unless the obligee agrees otherwise, neither delegation of performance nor a contract to assume the duty made with the obligor by the person delegated discharges any duty or liability of the delegating obligor." See also *Tucker v. Connors*, 342 Mass. 376, 173 N.E.2d 619 (1961). Since Martinesi did not consent to release Tidmore from liability when he conveyed the property to Shallenberger, the court erred in determining as a matter of law that Tidmore had not breached the contract and in granting his motion to dismiss.

Tidmore contends that even if Martinesi is entitled to damages, he cannot recover because Shallenberger has satisfied the judgment entered against her by conveying the property to Martinesi, and Martinesi thus no longer has any unpaid damages. There is no indication in the record before us that Shallenberger has conveyed the property to Martinesi in satisfaction of the judgment entered against her. In any event, we leave to the trial court the issue of whether or not Martinesi suffered damages as a result of Tidmore's conveyance of the property to Shallenberger and her subsequent refusal to honor Martinesi's option.

Martinesi will be awarded attorney's fees on appeal upon compliance with Rule 21(c), Ariz.R.Civ.App.P., 17A A.R.S.

Reversed and remanded.

LIVERMORE, P.J., and ROLL, J., concur.