Henderson Harbor Mariners' Mar., Inc. v Upstate Natl. Bank (2018 NY Slip Op 07555)





Henderson Harbor Mariners' Mar., Inc. v Upstate Natl. Bank


2018 NY Slip Op 07555


Decided on November 9, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, NEMOYER, CURRAN, AND TROUTMAN, JJ.


909 CA 17-02166

[*1]HENDERSON HARBOR MARINERS' MARINA, INC., AND MARLA COHEN, PLAINTIFFS-RESPONDENTS,
v
UPSTATE NATIONAL BANK, DEFENDANT-APPELLANT. (APPEAL NO. 2.) 






BARCLAY DAMON LLP, SYRACUSE (ALAN R. PETERMAN OF COUNSEL), FOR DEFENDANT-APPELLANT.
AMDURSKY, PELKY, FENNELL, WALLEN, P.C., OSWEGO (TIMOTHY J. FENNELL OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS. 


 Appeal from a judgment of the Supreme Court, Onondaga County (Anthony J. Paris, J.), entered November 3, 2017. The judgment, among other things, awarded plaintiffs money damages as against defendant. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiffs commenced this action seeking damages for, inter alia, breach of a Remediation Agreement (Agreement) pursuant to which defendant took responsibility for addressing petroleum contamination that existed at a marina. Plaintiffs purchased the marina in 2002 from an affiliate of defendant; defendant served as the mortgage lender for the transaction. At the time of the sale, all parties were aware that the marina had been contaminated by petroleum spills and that the New York State Department of Environmental Conservation (DEC) would require remediation of the site. Thus, as part of the sale, and as an inducement to plaintiffs to purchase the property, the parties executed the Agreement. The Agreement required defendant to enter into a Voluntary Cleanup Agreement (VCA) with the DEC to remediate the environmental damage from the petroleum contamination "as soon as possible" and to "diligently pursue" the VCA's tasks "through completion." The Agreement also required plaintiffs to give 30 days' written notice to defendant prior to seeking damages for defendant's failure to perform.
Defendant did not complete the remediation work until May 2014. In their cause of action for breach of the Agreement, plaintiffs alleged that defendant's lack of diligence in completing the remediation caused plaintiffs significant economic damages in the form of, inter alia, lost profits. Defendant moved for summary judgment seeking, inter alia, dismissal of the cause of action for breach of the Agreement, and Supreme Court denied the motion. We dismissed a prior appeal from the order denying that motion inasmuch as the order was subsumed in the subsequently entered judgment (Henderson Harbor Mariners' Mar., Inc. v I.F.S. Lisbon, 159 AD3d 1447 [4th Dept 2018]).
The matter proceeded to trial and the jury returned a verdict, inter alia, finding defendant liable to plaintiffs for breach of the Agreement and awarding plaintiffs damages of $1.1 million for, among other things, plaintiffs' lost profits. Defendant appeals from the judgment entered on the jury's verdict.
We reject defendant's contention that the court erred in denying its motion for summary judgment dismissing plaintiffs' cause of action for breach of the Agreement. We conclude that, contrary to defendant's contention, the second amended complaint adequately states a cause of action for breach of the Agreement (see generally JP Morgan Chase v J.H. Elec. of N.Y., Inc., 69 [*2]AD3d 802, 803 [2d Dept 2010]). Moreover, even assuming, arguendo, that defendant met its initial burden on the motion, we conclude that the court properly determined that plaintiffs raised issues of fact with respect to whether they provided written notice to defendant as a condition precedent to suit and whether defendant failed to perform its obligations under the Agreement (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). We reject defendant's contention that the Agreement limited plaintiffs' damages to the cost of third-party claims arising from the site contamination and the cost of corrective action. The Agreement contained no such limitation of damages provision (cf. Metropolitan Life Ins. Co. v Noble Lowndes Intl., 192 AD2d 83, 87 [1st Dept 1993], affd 84 NY2d 430 [1994]).
Contrary to defendant's further contention, the court did not abuse its discretion in denying defendant's motion pursuant to CPLR 3126 to preclude the testimony of plaintiffs' expert forensic economist on the ground that plaintiffs' expert disclosure was insufficient (see generally Rivera v Montefiore Med. Ctr., 28 NY3d 999, 1002 [2016]). Defendant failed to establish that there was an intentional or willful failure to disclose by plaintiffs and that it was prejudiced by plaintiffs' allegedly deficient response to its demand for expert disclosure (see Sisemore v Leffler, 125 AD3d 1374, 1375 [4th Dept 2015]).
We reject defendant's contention that the trial court erred in denying its motion to set aside the verdict and for judgment in its favor on the issue of, inter alia, the damages awarded for plaintiffs' lost profits. Contrary to defendant's contention, we conclude that plaintiffs' lost profits were within "the contemplation of both parties, at the time they made the contract, as the probable result of the breach of it" (Whitmier & Ferris Co. v Buffalo Structural Steel Corp., 104 AD2d 277, 279 [4th Dept 1984], affd 66 NY2d 1013 [1985]; see Ashland Mgt. v Janien, 82 NY2d 395, 403 [1993]). Although "[d]amages resulting from the loss of future profits are often an approximation" (Ashland Mgt., 82 NY2d at 403), we further conclude that plaintiffs established their damages here with reasonable certainty and without undue speculation (see id.).
We have reviewed defendant's remaining contentions and conclude that they lack merit.
Entered: November 9, 2018
Mark W. Bennett
Clerk of the Court