No. 12816

IN THE SUPREME COURT OF THE STATE OF MONTANA

1975

PETER D. KLEIN and
DANA KLEIN,

                    Plaintiffs and Respondent,

    -vs-

STEPHEN D. BRODIE and MARILYN G. BRODIE,

                    Defendants and Appellants.

Appeal from:  District Court of the Fourth Judicial District,
              Honorable Jack L. Green, Judge presiding.

Counsel of Record:

    For Appellants:

        Garlington, Lohn and Robinson, Missoula, Montana
        Sherman V. Lohn argued, Missoula, Montana

    For Respondent:

        Robert L. Deschamps, County Attorney, argued,
        Missoula, Montana

                            Submitted:  April 10, 1975

                               Decided:  MAY

Filed: MAY

_____
                         Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal by defendants Stephen D. and Marilyn G. Brodie from an adverse judgment entered in the district court, Missoula County, in an action for the breach of a pre-emptive right provision contained in a buy-sell agreement. Plaintiffs Peter D. and Dana Klein cross-appeal on the issue of the amount of damages awarded by the district court.

The relevant, undisputed facts are:  On July 25, 1966, the parties entered into a buy-sell agreement whereby defendants agreed to convey a parcel of land located in Swan Valley, Missoula County, for the consideration of $5,000.  An approximate description of the land was contained in the buy-sell agreement, but the exact boundary was to be determined by a survey.  Paragraph 8 of the buy-sell agreement contained this clause which is the basis of the present litigation:

> "Buyers to have first refusal on any additional
> tracts Seller may offer."

Pursuant to the terms of the agreement, a survey of the property was effected and approximately 22.2 acres of land were conveyed.  Thereupon, plaintiffs paid the purchase price and took possession.

However, sometime in the fall 1970, plaintiffs discovered that a 90 acre parcel of land located south of their land had been sold by defendants to one Robert O'Conner.  Thereupon plaintiffs, through their attorney, served a demand upon defendants that they be given an opportunity to exercise their pre-emptive right. Following defendants' refusal, an action was brought in specific performance, or in the alternative, damages for breach of the pre-emptive right provision.

Trial without a jury was held before Hon. Jack L. Green in the district court, Missoula County.  Judgment was rendered in favor of plaintiffs and damages were assessed at $8,550.

From this judgment defendants appeal and raise this issue:

Is the pre-emptive right agreement unenforceable because the description of the land to which it applies is incomplete and ambiguous?

Plaintiffs on their cross-appeal raise this issue:

Did the district court correctly determine the amount of damages for the breach of the pre-emptive agreement?

We hold in the affirmative on defendants' issue. Accordingly, a consideration of plaintiffs' issue is unnecessary.

In Weintz v. Bumgarner, 150 Mont. 306, 313, 434 P.2d 712, this Court examined the nature of a pre-emptive right and distinguished it from an option with these words:

> "The distinction between the two is well explained in Volume VI, American Law of Property, § 26.64 p. 507:
>
> "'A pre-emption differs materially from an option. An option creates in the optionee a power to compel the owner of property to sell it at a stipulated price whether or not he be willing to part with ownership. A pre-emption does not give to the pre-emptioner the power to compel an unwilling owner to sell; it merely requires the owner, when and if he decides to sell, to offer the property first to the person entitled to the pre-emption, at the stipulated price. Upon receiving such an offer, the pre-emptioner may elect whether he will buy. If he elects not to buy, then the owner of the property may sell to anyone.'"

Property that is the subject of the pre-emptive agreement should be adequately described and the price must be stated or otherwise made determinable. 1A Corbin on Contracts, § 261. In the instant case, the fact that no price was mentioned at which the pre-emptive right was to be exercised does not make the agreement void for uncertainty, since the use of the words "first refusal" is technical. Consequently, these words imply that the holder of the right may purchase at the same price offered by a third party when the agreement is silent as to price. See: Jurgensen v. Morris, 194 App.Div. 92, 185 N.Y.S. 386; Tamura v. DeIuliis, 203 Or. 619, 281 P.2d 469; Brenner v. Duncan, 318 Mich. 1, 27 N.W.2d 320; Barling v. Horn, (Mo. 1956) 296 S.W.2d 94. Here,

however the pre-emptive right agreement is fatally defective because it is impossible to determine the description of property to which the right applies with accuracy, even though resort is had to extrinsic evidence.

In Mercer v. Lemmens, 40 Cal.Rptr. 803, 230 C.A.2d 167, where the sufficiency of a description contained within a pre-emptive agreement was attacked by the defendant in a breach of contract action, the description referred to the "adjoining" 50 foot lot. The California court upheld the agreement after extrinsic evidence disclosed the seller owned no other real property adjoining or contiguous to the tract owned by plaintiff and the court was able to determine with accuracy the description of the parcel of property to which the pre-emptive right applied.

The facts in the instant case are far different and compel a different result. The record discloses the property purchased by plaintiffs was included within a larger parcel of land owned by defendants. Defendants were the record owners of the Southwest and Southeast quarters of section 4, Township 20 North, Range 16 West. Plaintiffs' acquired land was located in the Southeast quarter. Defendants also owned residential property in the Missoula area as well as property in the Northeast quarter of Section 5, Township 12 North, Range 19 West; property in Section 2, Township 12 North, Range 19 West; and property in Section 19, Township 15 North, Range 7 West. Thus, the rationale of Mercer is not applicable and the agreement must fail because of its patent indefiniteness.

Here, attempting to ascertain the intent of the parties at the time the contract was entered into, we look to statutes dealing with the interpretation of contracts. Section 13-709, R.C.M. 1947, requires interpretation of a contract in such a manner as to make it operative, if such can be done without violating the intent of the parties. Section 13-720, R.C.M. 1947,

compels interpretation of the contract most strongly against the party causing the uncertainty to exist, (here, the defendant).

We are cognizant of the above rules, however, we cannot ignore the plain implication of section 13-402, R.C.M. 1947, which states:

> "The object of the contract must be lawful when the contract is made, and possible and <u>ascertainable by the time the contract is to be performed</u>." (Emphasis supplied.)

To the same effect, see Thrasher v. Schreiber, 77 Mont. 221, 250 P. 600. 1 Corbin on Contracts, § 95, p. 394, states:

> "A court cannot enforce a contract unless it can determine what it is. It is not enough that the parties think that they have made a contract; they must have expressed their intentions in a manner that is capable of understanding. It is not even enough that they have actually agreed, if their expressions when interpreted in the light of accompanying factors and circumstances, are not such that the court can determine what the terms of that agreement are. Vagueness of expression, indefiniteness and uncertainty as to any of the essential terms of an agreement, have often been held to prevent the creation of an enforceable contract."

Accordingly, the judgment of the district court is reversed and this action dismissed.

_____
                                     Justice

We concur:

_____
  Chief Justice

_____

_____

_____
  Justices

- 5 -