# Richmond

## Henry C. Pruner, Et Al. v. Meres G. Brown.

April 23, 1976.

Record No. 750428.

Present, All the Justices.

*James R. Tate* (*Duvall, Tate, Bywater and Davis, Ltd.*, on briefs), for plaintiffs in error.

*Paul A. Burns* (*Donovan, Turnball and Burns*, on brief), for defendant in error.

Harman, J., delivered the opinion of the court.

The issue presented by this declaratory judgment proceeding is whether certain lease provisions created an absolute option in the lessees to purchase the leased premises or whether the lease created only a conditional option or right of first refusal to purchase, conditioned upon the owner's willingness to sell. The trial court held, as a matter of law, that the language employed in the lease created only a conditional option or right of first refusal. We granted a writ of error.

In 1971 Meres G. Brown (Brown or lessor) was operating a beauty school in Fairfax. By agreement dated September 28, 1971, she sold the trade name, personal property and good will of her business to Joseph T. Hawks, Jr., and James Douglas Sheaff (Hawks and Sheaff). Part of the sale price was paid in cash and the balance, payable in

monthly installments over a period of three years, was secured by a lien on the personal property.

Contemporaneously with the sale of the beauty school, Brown and the purchasers entered into an agreement dated October 1, 1971, leasing the school premises to Hawks and Sheaff for a term of four years. The pertinent provisions of this lease, which led to the present controversy, are:

"2. THE LESSEES will have the option, at the end of the fourth year, to renew the said lease at the rate of Five Hundred Twenty Five Dollars ($525.00) per month for an additional year.

\* \* \*

"7. THE LESSEES shall have the first right to purchase the lease-hold property at the end of the fourth year of the lease at the price of Sixty Five Thousand Dollars ($65,000.00) payable at the rate of Ten Thousand Dollars ($10,000.00) down, the assumption of any first trust remaining thereon at the time of the exercise of the option, and the balance secured by deed of trust payable at the rate of Three Hundred Dollars ($300.00) per month, with interest thereon on the unpaid balance at the rate of seven per centum (7%) per annum for a period of ten (10) years, and the entire amount, principal and interest to be paid on or before the expiration of ten (10) years from the date of the said deed of trust."

The business was purchased by Henry C. Pruner and Doris J. Rees (Pruner and Rees, or lessees) in March, 1974, and the lease was assigned to them with Brown's consent. When Pruner and Rees subsequently attempted to assign their option rights under the lease, Brown advised them that they had only a right of first refusal to purchase if she desired to sell at the end of the fourth year and not an absolute option to purchase as they contended. The lessees instituted this declaratory judgment action in October, 1974, for the purpose of resolving this dispute over the interpretation of the lease agreement.

When the case was called for hearing, respective parties moved for summary judgment. The trial court deferred ruling on these motions and, without ruling on its admissibility, heard evidence tendered by the parties.

Subsequently the trial court, by letter opinion, held that extraneous evidence was not admissible as the lease provisions were clear and unambiguous. The court ruled, as urged by Brown, that the lessees had

only a conditional option, i.e., a right of first refusal to purchase should the lessor desire to sell at the end of the four year term. We reverse.

The word "first" when used in a lease for real estate in connection with the words "right, option or privilege" to purchase or to extend the term of the lease has given rise to much litigation in our sister states. The reported cases are legion. In other jurisdictions, which appear to be about evenly divided, two lines of cases emerge which appear to be in irreconcilable conflict. *E.g.* Annots., 127 A.L.R. 894-904 (1940); 6 A.L.R. 2d 820-831 (1949); 34 A.L.R. 2d 1158-1169 (1954).

We think the sounder and better reasoned view is that adopted in *Tantum v. Keller*, 95 N.J. Eq. 466, 123 A. 299 (Ch., 1924) *affd.* 96 N. J. Eq. 672, 126 A. 925 (1924). There, where the lessee was given the "first privilege . . . to purchase . . . at any time during the lease term" by a lease that specified the purchase price and the lot size, the court found these additional specific terms to be of controlling significance in creating an absolute option if the lessee made a timely election to purchase.

Here, the lease specified the purchase price, terms and manner of financing and time when the right could be exercised. These terms are far more compatible with an absolute option than they would be with a right of first refusal. Even the parties, in line 7 of paragraph 7 of the lease, refer to the right as an option.

We are not dealing here with a bare "right of refusal" but with an instrument which, by its specificity, would unquestionably have created an absolute option except for the word "first" in the first line of paragraph 7. Reading and construing the agreement as a whole, we hold that the right which it created was an option to purchase vested in the lessees rather than a "right of first refusal" as found by the trial court.

*Reversed and final judgment.*