No. 13032

IN THE SUPREME COURT OF THE STATE OF MONTANA

1976

---

LARRY N. TRIBBLE and LORETTA E. TRIBBLE,

        Plaintiffs and Respondents,

-vs-

JOHN L. REELY, WILLIAM E. S. REELY,
DELBERT C. F. ASHMORE, TRIBBLE RANCH
CORPORATION et al.,

        Defendants and Appellants.

---

Appeal from:  District Court of the Fifth Judicial District,
             Hon. LeRoy L. McKinnon, Judge presiding.

Counsel of Record:

    For Appellants:

        Datsopoulos & MacDonald, Missoula, Montana
        James B. Wheelis argued, Missoula, Montana
        William E. Gilbert argued, Bozeman, Montana

    For Respondents:

        Morrow, Nash and Sedivy, Bozeman, Montana
        James H. Morrow argued and Donald A. Nash appeared,
        Bozeman, Montana

---

               Submitted:  September 9, 1976

               Decided: **DEC 13 1976**

Filed:    **DEC 13 1976**

                                          Clerk

Mr. Chief Justice James T. Harrison delivered the Opinion of the Court.

This appeal arises out of an action brought in the district court, fifth judicial district, Jefferson County, wherein plaintiffs Larry N. Tribble and Loretta E. Tribble alleged that a lease executed to them by defendants Katherine Tribble and William Tribble, deceased, contained a right of first refusal to purchase certain property known as the Tribble farm. The action was brought seeking declaratory judgment to determine the respective rights of the parties in view of the fact that there had been executed a sales agreement for the land in question between defendants Tribble and defendants John and William Reely and to compel defendants Tribble to enter into an agreement with plaintiffs to sell the property on the same terms. The cause was tried before the Hon. LeRoy McKinnon, sitting without a jury. Findings of fact, conclusions of law and judgment were entered for plaintiffs. Defendants now appeal from that judgment.

The record reveals: On April 6, 1971, defendants William and Katherine Tribble entered into a lease agreement with their son and his wife, plaintiffs Larry and Loretta Tribble. The pertinent terms of that lease were:

> "1. The Lessors are the owners and in possession of the following mentioned property situate in Jefferson County, Montana, to-wit:
>
> "The property known as the Tribble farm in Jefferson County, Montana, consisting of approximately 1300 acres of farm lands (lessors reserve grazing lands) and hereby agree to let the same to the Lessees for the period of three years ending January 1, 1974.
>
> " * * *
>
> "7. It is understood and agreed that this lease is made subject to sale by Lessors at any time from date hereof. It is further understood, however, that in the event of sale, the Lessees shall have the first refusal under terms similar to that

offered any third party, and in the event of such sale, then this lease shall terminate upon the next January 1 succeeding such sale.

" * * *

## "OPTION TO RENEW

"1. It is understood and agreed that the Lessees shall have the first option to renew this lease under terms and conditions the same as above agreed for an additional three (3) years commencing January 1, 1974, and terminating January 1, 1977. It is further agreed, however, that if the Lessors make a sale of the property or any portion thereof, then this lease and its option to renew is subject to such sale as above agreed with right of Lessees to meet any offer of any third party for ten (10) days after notice to Lessees in writing of intention or offer to sell to a third party.

"2. Time is expressly made of the essence of this lease.

"3. This agreement shall be binding upon the heirs, executors, administrators and assigns of the respective parties, with this reservation:

"A. That if both of the Lessors should not survive the terms of this lease, then this lease shall terminate on the next anniversary thereof (Jan. 1) * * *."

Subsequent to the signing of the lease, William Tribble began to consider the sale of his farm. Negotiations were carried on with several potential purchasers, all with plaintiff Larry Tribble's knowledge. Ultimately in the early part of 1973, negotiations began with defendants Reely brothers, again with plaintiff Larry Tribble's knowledge. In fact an offer made by the plaintiffs to purchase the farm, dated April 13, 1973, was turned down by defendants Katherine and William Tribble. On April 20, 1973, defendants Tribble entered into a written sale agreement with defendants Reely to sell the entire farm consisting of approximately 7,800 acres at a price of $410,000. A week later, at the insistence of William Tribble an addendum was made to the sales agreement to include the lease agreement of April 6, 1971 between defendants Tribble and plaintiffs Larry and Loretta Tribble.

No complete copy of the sales agreement was made available

to plaintiffs until January 18, 1974. Thereafter on January 23, 1974, plaintiffs notified defendants Reely and Katherine Tribble of their intention to exercise their right of first refusal. Defendant John Reely telephoned counsel for plaintiffs stating he had no duty towards plaintiffs. No written response was received from any of the defendants. The action for declaratory judgment and specific performance followed being filed on April 4, 1974.

The judgment filed on March 11, 1975, declared that plaintiffs had a valid lease with the right of first refusal to buy the entire Tribble farm consisting of approximately 7,800 acres; that plaintiffs had exercised that right, and enjoined the defendants Reely from asserting any rights to the property excepting a right to an accounting for monies paid. In addition, defendants Tribble were ordered to enter into an agreement for sale with plaintiffs on the same terms and conditions as those that had been agreed upon with the defendants Reely. On May 27, 1975, a supplementary judgment based on the proceedings for accounting was filed ordering plaintiffs to reimburse defendants Reely in the amount of $34,143.01 for monies expended. Defendants appeal both judgments.

Several issues are presented for review, but the following issues are controlling in the disposition of this appeal:

1) Whether the right of first refusal is sufficiently definite as to permit specific performance.

2) Whether plaintiffs Tribble received the requisite notice of the planned sale to defendants Reely.

3) Whether under the terms of the lease the rights of the plaintiffs Tribble were extinguished by the death of William Tribble.

4) Whether the judgments filed March 11, 1975 and May

27, 1975, are void for want of certainty.

The definition of the right of first refusal or preemptive right has been given by this Court on several occasions beginning with the case of Weintz v. Bumgarner, 150 Mont. 306, 313, 434 P.2d 712, wherein we noted the following explanation given in Volume VI, American Law of Property, §26.64, p. 507:

> "'* * * A pre-emption does not give to the pre-emptioner the power to compel an unwilling owner to sell; it merely requires the owner, when and if he decides to sell, to offer the property first to the person entitled to the pre-emption, at the stipulated price. Upon receiving such an offer, the pre-emptioner may elect whether he will buy. If he elects not to buy, then the owner of the property may sell to anyone.'"

See also Phalen v. Rilley, 159 Mont. 239, 496 P.2d 295.

As to whether the right of first refusal is sufficiently definite in the agreement in question so as to permit specific performance, we first note that property which is the subject of such a preemptive right must be adequately described to be enforceable. Klein v. Brodie, 167 Mont. 47, 534 P.2d 1251, 32 St.Rep. 488. Here the lease agreement states that the lease is of " * * * the Tribble farm in Jefferson County, Montana, consisting of approximately 1300 acres of farm lands * * *." Yet the record discloses that the Tribble farm actually contains approximately 7,800 acres. We thus find the amount of land intended to be included uncertain because of an agreement ambiguous on its face.

As a means of resolving the problem before us we note these fundamental rules of contract. A contract must be construed so as to carry out the intentions of the parties at the time of contracting if such intentions are ascertainable. Section 13-702, R.C.M. 1947. If such a contract is ambiguous on its face as to the intentions of the contracting parties, parol evidence can be used to ascertain those intentions. McNussen

- 5 -

v. Graybeal, 146 Mont. 173, 405 P.2d 447; Kielmann v. Mogan, 156 Mont. 230, 478 P.2d 275; Lehrkind v. McDonnell, 51 Mont. 343, 153 P. 1012. And in interpreting such parol evidence we note these rules: The intention of the parties to a contract is to be ascertained from the language thereof viewed in its entirety and not as it is presented in particular sentences or paragraphs. Section 13-707, R.C.M. 1947. Also a contract should receive that interpretation which makes it reasonable as long as the intention of the contracting parties is not violated and the contract is lawful, operative, definite, and capable of performance. Section 13-709, R.C.M. 1947.

Turning to the specific problem of determining the amount of land intended by the contracting parties to be included in a right of specific performance, this Court in interpreting a pre-emptive right in Weintz v. Bumgarner, 150 Mont. 306, 314, 434 P.2d 712, said:

> " * * * Applying the above rules of contract con-
> struction it seems apparent that this court should
> favor a construction that gives substance and
> meaning to the provision on purchase rather than
> adopt a construction that renders it meaningless
> and illusory, provided such can be done without
> violating the intention of the parties. * * *"

In view of the foregoing rules and authority we hold that the only reasonable interpretation to be placed on the agreement between the elder Tribbles and Larry and Loretta Tribble is that the lease was to include the whole Tribble farm. To hold otherwise would render the right of first refusal "meaningless and illusory" because of various facts apparent in the record. First no new or additional land description is in the provisions in the agreement on the right to first refusal. Rather the right of first refusal refers to and is solely dependent upon the interpretation given to the description of the land contained in the first paragraph of the agreement. Secondly, the record reveals the Tribble farm to be one viable economic unit with the 1,300 acres

- 6 -

of farmland interspersed with grazing land throughout the farm so as to make impractical any partition or farming of that land, separate and apart from the rest of the Tribble farm. Thus the only means of giving effect to the whole agreement is to construe the lease of the Tribble farm as including the entire 7,800 acres with the accompanying right of first refusal in that land belonging to the plaintiffs-lessees, and we so hold.

The bracketed reservation of grazing land is also ambiguous but from the evidence it appears that plaintiffs used the grazing land, not exclusively, but it was at all times considered a part of the leased lands.

We next consider the issue of notice. The agreement requires written notice by defendants-lessors to plaintiffs-lessees of any intention or offer to sell the property to a third party. The plaintiffs-lessees then have 10 days after said notice to meet the offer of any third party.

Admitting that the written sales agreement with defendants Reely dated April 20, 1973, was not made available in its entirety to plaintiffs until January 18, 1974, defendants on appeal cite several defenses that are intertwined with the written notice requirement.

They first allege plaintiffs had actual notice of the sale and that was equivalent to written notice. In support of this contention they cite the fact that plaintiffs knew the defendants Reely were in the process of buying the farm, that plaintiffs showed the farm to the defendants Reely, knowing them to be prospective buyers and that plaintiffs even went as far as to try to negotiate a new lease with the defendants Reely.

We find no merit in this contention for the reason that there is a difference between merely knowing of a sale and knowing all the terms of that sale. Such a distinction is crucial

here because without knowing the terms of the sale, the plaintiffs could not meet the offer of defendants Reely and thus could not properly exercise their right of first refusal.

As an additional defense to the notice requirement, defendants claim the plaintiffs acquiesced in the sale and are therefore now estopped from relying on the notice provision in an attempt to exercise the right of first refusal. However, the record reveals no acquiescence on the part of plaintiffs but continued efforts to exercise their rights. Prior to the sale to defendants Reely, the attorney for the plaintiffs informed the attorney for defendants Tribble that plaintiffs expected the terms of the lease agreement to be honored. On September 21, 1973, the plaintiffs' attorney wrote to the defendants and demanded the right of first refusal, a copy of any offer to sell and written notice. Yet the entire sales agreement with defendants Reely was not furnished to plaintiffs until January 18, 1974, almost nine months after the sale had been completed. It is the rule in Montana that estoppel is not favored and will only be sustained upon clear and convincing evidence. Fiers v. Jacobson, 123 Mont. 242, 211 P.2d 968. Such clear and convincing evidence is lacking in the instant case.

As their last equitable defense to plaintiffs' preemptive right, defendants assert the doctrine of laches.

We hold the doctrine of laches does not apply to the facts of this case for two basic reasons. First, and most obvious, plaintiffs could not exercise their right of first refusal until they had access to the terms of the sale. Such notice of terms was not made available until January 18, 1974. Thereafter on January 23, 1974, plaintiffs gave notice to defendants of their intention to exercise their right of first refusal. Thus once proper notice was given there was no delay in asserting their

rights. Secondly, the record as heretofore discussed makes it obvious that defendants knew plaintiffs were asserting their right to notice and first refusal even before the sales contract was signed. See Montana Power Co. v. Park Electric Co-op., 140 Mont. 293, 371 P.2d 1.

Defendants next contend that any rights under the lease terminated on January 1, 1974, because of the death of lessor William Tribble in the preceding year. Defendants base this contention on that part of the lease which states:

"A. That if both of the lessors should not survive the terms of this lease, then this lease shall terminate on the next anniversary thereof (Jan. 1).* * *"

Without becoming entangled in an interpretation of the word "both" since defendant Katherine Tribble has survived her husband, we merely note this Court's determination of when a right of first refusal accrues as stated in Weintz v. Bumgarner, 150 Mont. 306, 313, 434 P.2d 712:

"Whatever language is used to describe the provision in question, it is clear that the right of the lessee to purchase accrues at such time as the lessor forms a specific intention to sell the property for a definite price on definite terms. At such time as the owner forms such specific intention to sell, the provision in question ripens into a present enforceable contract right of the lessee."

Here the sales agreement between defendants Reely and defendants Tribble was dated April 20, 1973. Thus the plaintiffs' right of first refusal ripened prior to January 1, 1974, and therefore could not be subject to termination simply because of the death of William Tribble.

Defendants' final contention is that the judgments of March 11 and May 27, 1975, are void for want of certainty. Defendants having failed to demonstrate why they think the judgments are uncertain, we simply hold the judgments as clearly advising the parties of their respective rights and thus not

void for want of certainty.

Believing substantial evidence exists to support the findings of the district court, we hereby affirm the judgment of that court.

_____
Chief Justice

We concur:

_____

_____

_____
Justices

_____
Hon. Robert Sykes, District Judge,
sitting in place of Mr. Justice
Gene B. Daly.

- 10 -