No. 83-506

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

---

KENNETH D. COLLINS AGENCY,
a Montana corp.,

Plaintiff and Respondent,

-vs-

LEON R. HAGEROTT, Architect,
a professional corp.,

Defendant and Appellant.

---

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable William J. Speare, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Lynaugh, Fitzgerald & Hingle; Thomas Lynaugh argued,
Billings, Montana

For Respondent:

Ralph Herriott argued, Billings, Montana

---

Submitted: April 20, 1984

Decided: July 16, 1984

Filed: JUL 16 1984

Ethel M. Harrison
Clerk

Mr. Justice L.C. Gulbrandson delivered the Opinion of the Court.

This case comes on appeal from an order of the District Court, Thirteenth Judicial District, Yellowstone County, granting the appellant, Leon Hagerott, $10,000 in architectural fees and holding Hagerott's lien on certain real estate invalid. The District Court also awarded the respondent, Kenneth D. Collins Agency, attorney's fees in the amount of $3,851.25. We affirm in part, vacate in part and remand.

The appellant is a North Dakota professional corporation (hereinafter referred to as Hagerott) with Leon Hagerott being the principal officer and stockholder. Hagerott is an architect licensed in the State of Montana. Respondent is a Montana corporation (hereinafter referred to as Collins) with Kenneth Collins being the principal officer and stockholder.

Collins is the owner of certain real property located in Custer County. During February, 1978, Collins and Hagerott contemplated application to the Farmers Home Administration (FHA) for authority to receive a loan to build twenty-four low-cost housing units. The cost of the units was to be subsidized by the FHA and the units were to be located on Collins' property in Custer County.

On July 27, 1978, Collins and Hagerott entered into a contract which provided that Hagerott would draw plans and specifications and perform other architectural services for construction of the twenty-four units. Section 5 of the architectural contract provided that Hagerott, as architect, would receive five percent of the construction cost of the

project. Hagerott prepared plans and specifications which were approved by Collins and the FHA.

Costs of the project were prepared by Collins in conjunction with Hagerott and the total cost of construction was determined to be approximately $630,500. These costs were set forth in the basic loan application which was signed by Hagerott. The FHA approved the Collins' loan application in the amount of $570,000.

After further negotiations between the parties and an unsuccessful bid letting, no further progress was made on the project until March of 1980 at which time Hagerott with Collins' approval, procured a new bid on the project. On April 3, 1980 Collins prepared and submitted a new cost of the project to Hagerott and the FHA that raised the total cost of the project to $740,000.

On May 23, 1980 Hagerott wrote a letter to Collins reiterating his desire to continue with the project and stating his willingness to keep the project going. However, late that same month Collins decided to terminate the project and contacted John Ramage and Tom Fields in Miles City for the purpose of turning the project and loan application over to them. In late May, 1980, Ramage and Fields met with Hagerott and told him they were no longer interested and his services were terminated. Ramage and Fields never took over the project and abandoned the plans in the fall of 1980.

When Hagerott was notified his services were terminated he filed a lien against the real estate of the original project site. Eventually, the project was reduced in size and constructed on a different site.

Collins commenced this action to remove Hagerott's lien filed against Collins' real property at the original project site and for damages, attorney's fees and costs. Hagerott counterclaimed for the amount of architectural fees due under the contract or on the basis of quantum meruit.

On April 1, 1983, the District Court held that Hagerott was entitled to $10,000 on the basis of quantum meruit but concluded that the lien filed by Hagerott against the real property of Collins was invalid because Hagerott failed to show that he furnished materials for the enhancement of Collins' property. The District Court stated that, "[t]he burden of proof is on a lien claimant to establish his lien and support his burden; he must show not only that he furnished the materials, but also that they were used for the enhancement of the property to which he claims a right to resort as security for the debt thus created. In the abscence of this showing, his equity does not arise." The District Court ordered Hagerott's lien expunged from the record and awarded Collins attorney's fees for time spent on litigating removal of the lien but awarded Hagerott $10,000 on the basis of quantum meriut. Hagerott appealed and a cross-appeal was filed by Collins.

Hagerott raises three issues on appeal:

(1) Did the District Court err in awarding Hagerott only $10,000 in architectural fees based upon quantum meruit?

(2) Did the District Court err in holding Hagerott's lien agains Collins' real property invalid and expunging it from the record?

(3) Did the District Court err in the amount of

attorney's fees awarded to Collins?

Initially, Hagerott asserts the District Court erred in awarding him only a $10,000 fee based upon quantum meruit. Collins contends the contract between the parties did not entitle Hagerott to any fee.

The District Court correctly held that Hagerott was entitled to an architectural fee based upon quantum meruit. However, the amount of the architectural fee found by the District Court to be appropriate is not supported by the record. In its finding of fact the District Court stated at Finding number 38: "[a]t the time his services were terminated, [Hagerott] had approximately 600 hours of time in the project. The hourly charge for his time in 1978 through 1980 was $30 per hour. However, even though [Hagerott] spent this number of hours, he is only entitled to a lesser amount [$10,000] due to the value of his services to the project." In Robertus v. Candee (Mont. 1983), 670 P.2d 540, 40 St.Rep. 1391, this Court defined quantum meruit as the market value for the work done by the plaintiff. In this case, the quantum meruit amount would be the market value of the services rendered based upon the number of hours spent on the project. The evidence established the reasonable amount per hour and the number of hours expended. The evidence was incorporated into Finding number 38 by the District Court. There was no evidence to show any lesser value. In reviewing the District Court's order, this Court may not substitute its judgment for that of the District Court, but must determine if there was substantial evidence to support the District Court's findings. Bagnell v. Lemery (Mont. 1983), 657 P.2d 608, 40

St.Rep. 58. Substantial evidence is evidence which:

> ". . . will convince reasonable men and
> on which such men may not reasonably
> differ as to whether it establishes the
> Plaintiff's case and if all reasonable
> men must conclude that the evidence does
> not establish such case then it is not
> substantial evidence. The evidence may
> be inherently weak and still be deemed
> substantial." Olson v. Westfork
> Properties, Inc. (1976), 171 Mont. 154,
> 557 P.2d 821.

The value of Hagerott's services could be measured only by the number of hours and the reasonable value of those hours as indicated by the evidence. The District Court's award of $10,000 in quantum meruit was not supported by substantial evidence. Since the District Court found $30 per hour for 600 hours to be appellant's fee and there was no evidence to the contrary, that portion of the District Court's order awarding Hagerott $10,000 is vacated, and the cause is remanded to the District Court for the purpose of entering judgment for Hagerott in the amount of $18,000.

Next, Hagerott argues that the District Court erred in holding that the lien filed against the property of Collins was invalid. The District Court stated that the lien was invalid because the services Hagerott provided did not enhance the value of the property. The pertinent statute to this issue is Section 71-3-501 MCA, which provides:

> "Who may have lien. Every mechanic,
> miner, machinist, architect, foreman,
> engineer, builder, lumberman, artisan,
> workman, laborer, and any other person
> performing any work and labor upon, or
> furnishing any material, machinery, or
> fixture for, any building, structure,
> bridge, flume, canal, ditch, aqueduct,
> mining claim, coal mine, quartz lode,
> tunnel, city or town lot, farm, ranch,
> fence, railroad, telegraph, telephone,
> electric light, gas, or waterworks or
> plant or any improvements, upon complying
> with the provisions of this part, for his

work or labor done or material,
machinery, or fixtures has a lien upon
the property upon which the work or labor
is done or material is furnished."

In arguing that the statute allowed Hagerott to file a valid lien, Hagerott relies on the language of this Court's decision in Caird Engineering Works v. Seven-up Gold Mine Co. (1941), 111 Mont. 471, 111 P.2d 267. In Caird, this Court said that when the legislature used the term "architect" in the lien statute it did not mean that the architect's actual labor must be done upon the premises and structure being erected for a lien to arise. Rather, this Court in Caird said the term "architect" as used in the lien statute means architectural services as they are usually performed. Caird, supra, 111 Mont.498. However, the situation in Caird is distinguishable from the facts in this case. In Caird, the architect provided services that contributed to structural improvement and, thus, enhancement of the property. In the present case, no enhancement occurred and therefore a lienable interest did not arise. Several other jurisdictions have also held that a lien does not arise absent some tangible improvement of the property. See, e.g., Construction Engineering Co. v. Village Shopping Center, Inc. (La.App. 1964), 168 So.2d 826; Clark v. Smith (Wisc. 1940), 290 N.W. 592.

Hagerott argues the situation in the present case is analogous to the facts in O'Hara v. Architects Hartung and Association (Ind. 1974), 326 N.E.2d 283, in which the court agreed with the general proposition that there must be the erection of a building for an architect's lien to arise, but qualified the proposition by stating that "[i]t is not always necessary to show that the material went into the

building. Circumstances in a given case may be such that the owner of the building is estopped from invoking the general rule."

Estoppel is a principle of equity. Cremer v. Cremer Rodeo Land and Livestock Co. (1979), 181 Mont. 87, 592 P.2d 485. Equity will grant relief sought when in view of all the circumstances to deny it would permit one of the parties to suffer a gross wrong at the hands of the other party who brought about the condition. Hostetter v. Inland Development Corp. of Montana (1977), 172 Mont. 167, 561 P.2d 1323. Estoppel is not favored and will only be sustained upon clear and convincing evidence. Tribble v. Reely (1976), 171 Mont. 201, 557 P.2d 813. In the case at bar, there were insufficient findings to create an estoppel situation based upon clear and convincing evidence.

Finally, Hagerott argues the District Court erred in the amount of attorney's fees awarded Collins. The District Court ordered Hagerott to pay those attorney's fees that related to removal of the lien. We find from the agreed statement of proceedings stipulated to by both parties on September 15, 1983, and the time and expense sheet submitted by Collins' counsel, that the District Court awarded $3,851.25 in attorney's fees for the removal of the invalid lien under Section 71-3-124, MCA. No award of attorney's fees was made for trial time, post trial briefs or costs. The fixing of attorney's fees is largely within the discretion of the District Court and will not be disturbed absent a clear abuse of that discretion. Carkeek v. Aver (Mont. 1980), 613 P.2d 1013, 1015, 37 St.Rep. 1274, 1276. We find there was substantial evidence to support the award

of attorney's fees.

Affirmed in part, vacated in part, and remanded to the District Court for entry of amended judgment in accordance with this opinion.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

-9-

Mr. Chief Justice Frank I. Haswell, concurring and dissenting:

I concur with the discussion and holding on Issues 2 and 3. I dissent from the discussion and holding on Issue 1.

The vice in holding that the architect is entitled to an award of $18,000 for his services based on quantum meruit is that there is no evidence that this is the market value of his services. The figure of $18,000 is simply a mechanical calculation of the number of hours he spent multiplied by the rate he charged per hour. This does not necessarily equal market value. The District Court recognized this and awarded only $10,000 which itself is an arbitrary figure not supported by substantial credible evidence.

I would vacate the $18,000 award and remand for further proceedings to establish the market value of the architect's services.

_____
                Chief Justice


Mr. Justice Frank B. Morrison, Jr., dissents and will file a written dissent later.