JUSTICE HARRISON
dissenting.
I dissent. The issue in this case is whether the District Court erred in determining that the March 20, 1978, agreement was ambiguous on its face and constituted “a right of first refusal” rather than an option contract.
The Lees contend that the first agreement of February 15, 1978, comprised a “right of first refusal” and that the second agreement of March 20, 1978, was a valid “option” contract. In the view of the District Court, whether the second agreement was a right of first refusal or an option contract could not be determined from the face of the document because the wording was ambiguous. Employing the basic rule of construction that ambiguities are to be construed against the party who drafted the document, the District Court ruled that the *124 document was a right of first refusal. The District Court reasoned that since neither Mr. Pelzman nor the Pelzman estate had ever given notice of intent to sell, the second agreement, as a right of first refusal, did not come into effect.
An option is a right acquired by contract “by which the owner of property agrees with another person that he shall have the right to buy his property, at a fixed price, within a certain time.” Miller v. Meredith (1967), 149 Mont. 125, 128-29, 423 P.2d 595, 597. The offer is continuing and irrevocable by the optionor, creating in the optionee a power to compel the owner to sell property at a stipulated price whether or not the owner wishes to sell. Klein v. Brodie (1975), 167 Mont. 47, 49, 534 P.2d 1251, 1252-53. When the optionee accepts the offer, a binding bilateral contract results which can be enforced by specific performance. Naylor v. Hall (1982), 201 Mont. 59, 67, 651 P.2d 1010, 1015.
A “right of first refusal” or “preemptive right” is closely related to an option, but “very dissimilar in the legal relations of the parties....” 1A Corbin on Contracts § 261, at 468 (1963). A right of first refusal requires the owner of property, when he or she decides to sell, to offer the property to the person holding the preemptive right. If the holder of the preemptive right declines the offer to buy the property, the owner may sell to anyone. Tribble v. Reely (1976), 171 Mont. 201, 206, 557 P.2d 813, 816.
Property subject to a preemptive right should adequately describe the property and the price must be stated or otherwise ascertainable. Klein, 167 Mont. at 50, 534 P.2d at 1253. Often the agreement requires the property owner to offer the property to the party holding the preemptive right at the same price agreed upon by the third party. See, e.g., Tribble, 171 Mont. at 204, 557 P.2d at 815 (lease provided that “in the event of sale, the Lessees shall have the first refusal under terms similar to that offered any third party”); 1A Corbin on Contracts § 261A, at 136-37 (Supp. 1991).
I feel the language of the first agreement clearly indicated a right of first refusal, rather than an option contract:
“I, Fred Pelzman Sr., agree to give Joe R. and Floie N. Lee first option to purchase property I own in the above Legal Description for fair market value when it becomes available for sale. Other offers being considered at that time must be in writing, signed by the party making the offer and presented to Joe R. and Floie N. Lee for final consideration. Upon notification of intent to sell, a period of 45 days will be allowed for payment.” [Emphasis added.]
*125 By indicating that the property would be offered to the Lees “when it becomes available for sale,” by stipulating that the property would be sold at the current fair market value, and in supplying a legal description of the property, the first agreement satisfied the criteria for a right of first refusal.
The second agreement of March 20, 1978, provided:
“I, Fred Pelzman, Sr., agree to give Joe R. and Floie N. Lee first option to purchase property I own in the above Legal Description upon or before my passing for the sum of one hundred and twenty thousand dollars. It is agreed by the undersigned that the option holders will reside and maintain the said property until time of sale. A ledger of time and improvements will be kept for the purpose of reimbursement by the landowner. Upon notification of intent to sell, a period of 45 days will be allowed for payment.”
The second agreement fulfilled the first two requirements of both an option contract and a right of first refusal in that a legal description of the property was given and the price of $120,000 was fixed. In addition, the agreement revealed a certain time, “upon or before my passing,” for the offer to be held open, as required by an option.
Although the second agreement meets the criteria for an option, the use of the term “first option” and the inclusion of the sentence requiring a period of 45 days after notification for payment creates an ambiguity. Mr. and Mrs. Lee each testified that the sentence requiring a 45-day waiting period was inadvertently included in the second agreement by Mrs. Lee. An ambiguity exists when the wording of the contract is subject to two different interpretations. Parol evidence is admissible to prove the interpretation the parties intended. Proctor v. Werk (1986), 220 Mont. 246, 248, 714 P.2d 171, 172. “[I]n the construction of contracts, the courts may look not only to the language employed but to the subject matter and the surrounding circumstances and may avail themselves of the same light which the parties possessed when the contract was made.” Morning Star Enterprises v. R.H. Grover (1991), 247 Mont. 105, 111, 805 P.2d 553, 557.
When confronted with the term “first option,” courts have generally read the instrument as a whole to determine whether the parties intended an option or a right of first refusal. See Straley v. Osborne (Md. App. 1971), 278 A.2d 64, 69; but see Blau-Par Corp. v. Reliance Chemical Corp. (N.Y. App. Div. 3 1991), 565 N.Y.S.2d 910 (“first option” constitutes option; otherwise, adjective “first” rendered meaningless). For example, in Steen v. Rustad (1957), 132 Mont. 96, 313 *126 P.2d 1014, this Court, relying on the intent of the parties as revealed by the “light of the entire instrument,” interpreted the words “first option to buy” as giving the holder an option rather than a right of first refusal. Steen, 132 Mont. at 102, 313 P.2d at 1018.
According to Pruner v. Brown (Va. 1976), 223 S.E.2d 890, although courts are evenly divided, the better view when the terms of the lease or agreement specify the purchase price and legal description of the property is that an absolute option is created by use of the word “first” with “right, option, or privilege.” Pruner, 223 S.E.2d at 892. Generally, the interpretation of the instrument as an option is more likely when the words “first option” are utilized than when the expressions “first privilege” or “first right” are employed. 1A Corbin on Contracts § 261A, at 486-89.
Instructive in interpreting the second agreement in the context of surrounding circumstances is a comparison with the terms of the first agreement, drafted about a month before the second agreement. In the second agreement we note the addition of a specific amount as the sale price, which according to Pruner is an indication of an option, rather than a right of first refusal. Moreover, had the parties intended the second agreement as a right of first refusal, it would seem reasonable that the parties would have included the identical phrase, “when it becomes available for sale,” to establish their intent to negotiate a right of first refusal. Instead, this phrase was omitted. Similarly, omission in the second agreement of the sentence requiring other offers to be presented to the Lees indicates that the parties did not intend the second agreement to comprise a right of first refusal.
Even though construction of the second agreement as an option is warranted, the contract contains a unique clause about the duration of the agreement, giving the Lees “first option to purchase property I own in the above Legal Description upon or before my passing.” As I read this passage, whether the second agreement is deemed a right of first refusal or an option, Mr. Pelzman’s death constituted an event giving the Lees the right to purchase the 800-acre ranch.
Taking into consideration the variations in wording of the first and second agreements and the phrasing of the second agreement, I would hold that upon the death of Mr. Pelzman, the Lees had the right to buy the 800-acre ranch property at the agreed upon price. The estate presents a number of arguments regarding contract and estate law to support its position. I will briefly address two of the more significant theories.
*127 The estate asserts that the Lees are not entitled to specific performance because they failed to tender the purchase price and breached the option by failing to submit a ledger for reimbursement purposes as required by the contract. The second agreement stated that 45 days was allowed for payment after notification. The Lees promptly attempted to exercise the option on June 5,1986, two and a half weeks after Mr. Pelzman’s death, by a letter to Mr. Pelzman’s attorney. The attorney refused to recognize the validity of the option and denied the Lees’ second request to exercise their option to buy the property later that same month. It is my view that in light of the adamant refusal to recognize the Lees’ right to buy the property, neither the Lees’ failure to tender the purchase price nor their failure to present a ledger affects their right to specific performance since such actions on the Lees’ part would have been futile.
The estate also contends the second agreement failed to recite consideration for the option. Consideration is “[a]ny benefit conferred or agreed to be conferred upon the promisor by any other person, to which the promisor is not lawfully entitled, or any prejudice suffered or agreed to be suffered by such person ... as an inducement to the promisor... .” Section 28-2-801, MCA. Mr. Lee testified that he gave Mr. Pelzman $10.00 as consideration for the option. We have held that nominal consideration is sufficient to create a valid contract and allow the equitable remedy of specific performance. Keaster v. Bozik (1981), 191 Mont. 293, 299, 623 P.2d 1376, 1380 (five dollars sufficient consideration). Although the $10.00 consideration was not recited in the contract as is preferable, the Lees’ promise in the second agreement to reside on and maintain the property until time of sale, as a detriment suffered by the Lees and a benefit to Mr. Pelzman, comprised adequate consideration. See Naylor v. Hall (1982), 201 Mont. 59, 651 P.2d 1010. In addition, “[a] written instrument is presumptive evidence of a consideration.” Section 28-2-804, MCA.
The fact that some terms in the option contract were not specifically expressed does not render it unenforceable. Absolute certainty in every detail is not a prerequisite for specific performance. Keaster, 191 Mont. at 302, 623 P.2d at 1381. I would hold that the Lees provided sufficient consideration for the option contract.
The judgment of the District Court should be reversed.
JUSTICE TRIEWEILER joins in the foregoing dissent of JUSTICE HARRISON.