CHIEF JUSTICE TURNAGE,
concurring in part and dissenting in part:
I concur with the majority that the claim of M.L.V. is not barred by the five-year statute of limitations under § 40-6-108(l)(b), MCA *335 (1983). However, I respectfully dissent from the majority’s conclusion that M.L.V. is barred from challenging the existence of the father-child relationship on the basis of equitable estoppel.
First, equitable estoppel is an unfavored doctrine and can only be sustained upon clear and convincing evidence. Kenneth D. Collins Agency v. Hagerott (1984), 211 Mont. 303, 684 P.2d 487. The record does not establish by clear and convincing evidence that M.L.V. misled K.E.V. about the paternity of K.R.V. There was evidence that the uncertain paternity of K.R.V. had been a subject of conjecture by M.L.V. and K.E.V. since KR.V.’s birth.
Second, and of even more concern to me, the Court has created a father-child relationship between K.E.V. and K.R.V. without so much as providing notice to the biological father. What about his rights or standing? A child cannot have two fathers at the same time, under the law. Yet there is no indication in the record that the parental rights of the biological father have been either terminated or relinquished under the procedures established in § 40-6-129 or § 40-6-135, MCA, or in Title 41, chapter 3, part 6, MCA. Assumedly, then, his parental rights still exist. How will his parental rights be reconciled with those granted to K.E.V. under the majority opinion?
Finally, we have consistently held that parental rights cannot be acquired by a non-biological parent except after following a statutory procedure. See, Henderson v. Henderson (1977), 174 Mont. 1, 568 P.2d 177; Matter of Guardianship of Doney (1977), 174 Mont. 282, 570 P.2d 575 (abuse, dependency and neglect statutes); Pierce v. Pierce (1982), 198 Mont. 255, 645 P.2d 1353 (adoption statutes); Matter of Guardianship of Aschenbrenner (1979), 182 Mont. 540, 597 P.2d 1156 (guardianship statutes); Marriage of Miller (1992), 251 Mont. 300, 825 P.2d 189 (marriage dissolution statutes). In creating, under the guise of equity, parental rights in a person who, indisputably, is not a biological parent, without first terminating the rights of the biological father and mother, we have not only totally ignored our prior case law, but we have also abrogated the very necessary function of the legislature to pass statutes authorizing the type of social engineering that we here accomplish by judicial fiat. There is truth in the old adage that, once you open a can of worms, you can never put them back, except in a larger can — if you can find a larger can.
Given the apparent identifiability of KR.V.’s biological father and the failure of K.E.V. to establish the elements of equitable estoppel by clear and convincing evidence, I would reverse the District Court’s ruling as to Issue II.
*336 JUSTICE NELSON joins in the opinion of Chief Justice Turnage.