FILED

05/12/2026

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 25-0474

DA 25-0474

IN THE SUPREME COURT OF THE STATE OF MONTANA

2026 MT 102

BMK ENTERPRISES, INC.,

      Plaintiff and Appellant,

  v.

BAILEY ENTERPRISES OF MONTANA, LLC,
JOE BAILEY, and MICHELLE FRANKS,

      Defendants and Appellees.

APPEAL FROM:   District Court of the Eighteenth Judicial District,
                  In and For the County of Gallatin, Cause No. DV-22-254
                  Honorable Rienne H. McElyea, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Charles H. Carpenter, Carpenter Law Firm, PLC, Missoula, Montana

      For Appellee:

            Karl Knuchel, Karl Knuchel, P.C., Livingston, Montana

                       Submitted on Briefs:  March 18, 2026

                                Decided:  May 12, 2026

Filed:

                          _____
                                      Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1     BMK Enterprises purchased commercial property from Bailey Enterprises in 2018. The Buy-Sell Agreement contained a provision granting BMK the right of first refusal on adjacent property owned by Bailey.  BMK sued Bailey for breach of contract after Bailey sold the adjacent property to a third party.  The District Court ruled that the right of first refusal provision was unenforceable as a matter of law and granted Bailey summary judgment.  The dispositive issue on appeal is whether the District Court should have considered extrinsic evidence of the parties' intent before declaring the provision unenforceable.  We reverse and remand for that consideration.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2     Joe Bailey and Michelle Franks own and manage Bailey Enterprises—a Montana limited liability company.  Bailey owned two adjacent properties in Belgrade, Montana: 409 Briar Place ("Briar Property") and 151 Bolinger Road ("Bolinger Property").  Bailey operated commercial storage businesses on both properties.  The Bolinger Property was roughly eight acres and included ten storage unit buildings, a commercial office and shop space, a short-term vacation rental, and a residential home.  The Briar Property contained approximately fifteen storage unit buildings.

¶3     BMK Enterprises, a Montana corporation owned by Ben and Myron Kovash, is in the business of renting mini-storage units.  In May 2018, BMK purchased the Briar Property from Bailey.  During negotiations for that purchase, Bailey showed BMK the adjacent Bolinger Property.  BMK expressed interest in the Bolinger Property's storage

2

unit complex and requested the right of first refusal if Bailey decided to sell the Bolinger Property in the future. The parties executed a Buy-Sell Agreement for the Briar Property on May 17, 2018. Exhibit A to the Agreement provided in part, "Seller Grants Buyer the first right of refusal if Seller sells storage units at 151 Bolinger, Belgrade, Montana." The parties closed on the Briar Property on May 31, 2018.

¶4 In September 2019, Bailey notified BMK that it was considering selling the Bolinger Property. BMK met with Bailey to look at the Bolinger Property again but did not purchase it. Bailey listed the Bolinger Property for sale in July 2020 and sold it to TruNorth Properties, LLC in August 2021. Bailey did not contact BMK again before selling the property to TruNorth.

¶5 BMK sued Bailey for breach of contract and breach of the implied covenant of good faith and fair dealing, alleging that Bailey failed to honor the Agreement's right of first refusal provision.[1] BMK also sued the real estate brokerage and the real estate agent that managed the listing and sale of the Bolinger Property.

¶6 The real estate defendants moved for summary judgment, arguing in part that the right of first refusal was void because it did not clearly identify the real property to which it applied. The District Court agreed that the right of first refusal was unenforceable, granted the real estate defendants' motion for summary judgment, and dismissed BMK's

---

[1] BMK initially brought several other tort and contract claims against Bailey. BMK voluntarily dismissed its other claims.

claims against them with prejudice.[2]  Based on that ruling, Bailey subsequently filed its own summary judgment motion.  Bailey claimed that the law of the case was that the right of first refusal was void, and therefore BMK's breach of contract claims against Bailey failed as a matter of law.  Relying on the rationale of its previous order, the District Court granted Bailey's summary judgment motion and entered judgment in its favor.

## STANDARDS OF REVIEW

¶7     We review a district court's summary judgment ruling de novo, applying the criteria of M. R. Civ. P. 56.  *Mary J. Baker Rev. Tr. v. Cenex Harvest States, Coops.*, 2007 MT 159, ¶ 17, 338 Mont. 41, 164 P.3d 851.  A party's summary judgment motion should be granted only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  M. R. Civ. P. 56(c)(3).  Contract interpretation issues, including whether a contract is ambiguous, present legal questions that we review for correctness.  *K&R P'ship v. City of Whitefish*, 2008 MT 228, ¶ 21, 344 Mont. 336, 189 P.3d 593.

## DISCUSSION

¶8     A right of first refusal or "preemptive right" requires the owner of property "*when and if he decides to sell*, to offer the property first to the person entitled to the preemption,

---

[2] BMK does not challenge the District Court's ruling granting summary judgment to the real estate defendants, and BMK dismissed all other claims against them.  The real estate defendants therefore are not part of this appeal.  Though Bailey makes a brief, unsupported argument that the court's ruling on the real estate defendants' motion became law of the case when BMK did not contest it, the partial summary judgment order was not a final judgment that BMK immediately could appeal.  M. R. App. P. 6(5)(a), (b).

at the stipulated price." *Lee v. Shaw*, 251 Mont. 118, 121, 822 P.2d 1061, 1062 (1991) (citation omitted; emphasis in original). Rights of first refusal must (1) adequately describe the property subject to the right and (2) state the price at which the buyer may exercise the right. *Lee*, 251 Mont. at 121, 822 P.2d at 1062. If the agreement is silent regarding price, the holder of the right may purchase the property at the same price offered by a third party. *Klein v. Brodie*, 167 Mont. 47, 50, 534 P.2d 1251, 1253 (1975).

¶9 This Court applies general rules of contract construction when interpreting rights of first refusal. *See Tribble v. Reely*, 171 Mont. 201, 207, 557 P.2d 813, 816-17 (1976). Courts must interpret contracts "to give effect to the mutual intention of the parties as it existed at the time of contracting," provided the parties' intent is "ascertainable and lawful." Section 28-3-301, MCA. The parties' intention must be ascertained from the writing alone when possible. Section 28-3-303, MCA. If the contract is clear and unambiguous, courts must apply the language as written. *Richards v. JTL Grp., Inc.*, 2009 MT 173, ¶ 14, 350 Mont. 516, 212 P.3d 264; *see also* § 28-3-401, MCA ("The language of a contract is to govern its interpretation if the language is clear and explicit and does not involve an absurdity."). But if the contract is ambiguous, a court must consider extrinsic or "parol" evidence to ascertain the parties' intent and determine the meaning of the writing. *K&R P'ship*, ¶ 26. Contract language is ambiguous if it is susceptible to more than one reasonable but conflicting meaning. *Mary J. Baker Rev. Tr.*, ¶ 20.

¶10 The District Court ruled that the Agreement's right of first refusal provision was unenforceable as a matter of law because it failed to meet both elements required for rights

5

of first refusal. The court remarked that the provision failed to "adequately describe whether the object of the right of first refusal was for BMK Enterprises to purchase some of the storage unit structures, all of the storage unit structures and a subdivided area of 151 Bolinger, or the entirety of 151 Bolinger, Belgrade, Montana." The court declined to consider extrinsic evidence to assist its interpretation of this ambiguity, reasoning that "[l]egal canons of construction and extrinsic evidence will not resolve the inadequately described object of the right of first refusal." The court concluded that the Agreement was void because "the lack of price in conjunction with the inability to determine what property is for sale" rendered the provision "fatally defective."

¶11 BMK challenges the District Court's ruling that the provision was unenforceable. It contends that the provision is unambiguous because the only reasonable interpretation is that BMK had a first right of refusal on the entire, undivided Bolinger Property. Alternatively, BMK argues that even if the provision is ambiguous, the court erred by declaring it void without attempting to determine the provision's meaning with extrinsic evidence. Bailey counters that the District Court correctly ruled that the right of first refusal was unenforceable.

¶12 The District Court relied on *Klein v. Brodie*, 167 Mont. 47, 534 P.2d 1251 (1975), to conclude that the provision was unenforceable as a matter of law. In *Klein*, the sellers of a tract of land in the Swan Valley granted the buyers a right of first refusal "on any additional tracts Seller may offer." *Klein*, 167 Mont. at 48, 534 P.2d at 1252. The buyers sued for breach of contract and prevailed in the district court after the sellers sold a nearby

6

parcel of land to a third party without honoring the right of first refusal. *Klein*, 167 Mont. at 49, 534 P.2d at 1252.

¶13 On appeal, this Court remarked that the provision did not contain an adequate property description because it was unclear which "other tracts" the parties intended to be the object of the right of first refusal. *Klein*, 167 Mont. at 50, 534 P.2d at 1253. We considered extrinsic evidence that the sellers owned several parcels of land in Missoula County; this evidence did not clarify to which property the parties intended the right of first refusal to apply. *Klein*, 167 Mont. at 50-51, 534 P.2d at 1253. We therefore concluded that "the preemptive right agreement is fatally defective because it is impossible to determine the description of property to which the right applies with accuracy, *even though resort is had to extrinsic evidence*." *Klein*, 167 Mont. at 50, 534 P.2d at 1253 (emphasis added). Noting that the law "requires interpretation of a contract in such a manner as to make it operative, if such can be done without violating the intent of the parties," and that ambiguities must be interpreted "most strongly against the party causing the uncertainty to exist," we concluded that—even applying these principles—the intent of the parties at the time of contracting could not be ascertained and the court could not enforce the contract. *Klein*, 167 Mont. at 51, 534 P.2d at 1253.

¶14 We applied the same framework in *Tribble v. Reely*, 171 Mont. 201, 557 P.2d 813 (1976), to reach a different conclusion. There, the defendants leased to the Tribbles approximately 1,300 acres of a 7,800-acre farm. *Tribble*, 171 Mont. at 204-05, 557 P.2d at 815. The lease agreement contained the following provision: "[I]n the event of sale, the

7

Lessees shall have the first refusal under terms similar to that offered any third party . . . ." *Tribble*, 171 Mont. at 204, 557 P.2d at 815. The Tribbles sued after the defendants sold the entire 7,800-acre farm to a third party. *Tribble*, 171 Mont. at 204-05, 557 P.2d at 815-16.

¶15 We affirmed the district court's ruling that the Tribbles had an enforceable right of first refusal to purchase the entire farm. *Tribble*, 171 Mont. at 205, 207, 557 P.2d at 816-17. First, we found the provision facially ambiguous because it failed to specify the amount of land subject to the right. *Tribble*, 171 Mont. at 206, 557 P.2d at 816. Next, we considered evidence that the farm was "one viable economic unit with the 1,300 acres of farmland interspersed with grazing land throughout the farm," and therefore it was impractical to partition or farm the 1,300 leased acres "separate and apart from the rest of the . . . farm." *Tribble*, 171 Mont. at 208, 557 P.2d at 817. We therefore held—based on "various facts apparent in the record"—that the only reasonable interpretation of the lease agreement was that the parties intended the lease "to include the whole Tribble farm" and to grant the Tribbles the accompanying right of first refusal on the land. *Tribble*, 171 Mont. at 207-08, 557 P.2d at 817.

¶16 Our precedent and rules of contract interpretation establish that, when faced with an ambiguous right of first refusal provision, courts must consider extrinsic evidence in an effort to determine which property the parties intended to be the object of the provision. *Klein*, 167 Mont. at 50-51, 534 P.2d at 1253; *Tribble*, 171 Mont. at 207-08, 557 P.2d at 817. If the court is unable to resolve the ambiguity after considering such evidence, then

it may determine whether the provision is too vague to create an enforceable contract. *Klein*, 167 Mont. at 50, 534 P.2d at 1253; *see also* § 28-2-602, MCA ("The object of the contract must be . . . ascertainable by the time the contract is to be performed.").

¶17     Applying these principles to the present case, the Agreement's right of first refusal provides, "Seller Grants Buyer the first right of refusal if Seller sells storage units at 151 Bolinger, Belgrade, Montana."  Without a property description following the provision's granting language, the provision lacks clarity.  The language "if Seller sells storage units at 151 Bolinger" creates further ambiguity.  151 Bolinger is the street address for the entire Bolinger Property, which reasonably could be interpreted to grant BMK a right of first refusal on the entire property.  The parties' inclusion of the words "storage units," however, may be construed as a limitation on the property's address.  The provision therefore also could be interpreted to apply to just the portion of the property containing the storage unit complex.  Because the provision is subject to at least these two reasonable but conflicting meanings, we agree with the District Court that the right of first refusal is ambiguous.

¶18     The District Court's analysis ended here.  Unlike *Klein* and *Tribble*, the court did not first attempt to resolve this ambiguity with extrinsic evidence before it declared the provision unenforceable.  As noted, the "construction and interpretation of a contract is a question of law." *Mary J. Baker Rev. Tr.*, ¶ 19 (citations omitted).  If the language of the contract is ambiguous, however, "the court must determine as a matter of fact the parties' intent in entering into the contract." *AWIN Real Estate, LLC v. Whitehead Homes, Inc.*, 2020 MT 225, ¶ 13, 401 Mont. 218, 472 P.3d 165 (citing *Mary J. Baker Rev. Tr.*, ¶ 19).

9

As applied to the language of the contract provision at issue, our precedent requires consideration of extrinsic evidence to ascertain the parties' intent and determine the meaning of the writing. *K&R P'ship*, ¶ 26; *see also Klein*, 167 Mont. at 50, 534 P.2d at 1253; *Tribble*, 171 Mont. at 207-08, 557 P.2d at 816-17; *Olson v. Jude*, 2003 MT 186, ¶ 47, 316 Mont. 438, 73 P.3d 809 ("Where a written instrument is ambiguous, extrinsic evidence may be utilized to discover the parties' intent."). "In that undertaking, the court may consider evidence of the circumstances under which the contract was made and the matter to which it relates." *AWIN Real Estate, LLC*, ¶ 13 (citing *Mary J. Baker Rev. Tr.*, ¶ 21). This determination may or may not be susceptible to ruling on summary judgment. *See Ellingson Agency v. Baltrusch*, 228 Mont. 360, 366, 742 P.2d 1009, 1013 (1987) ("We have held that 'summary judgment is usually inappropriate where the intent of the parties is an important consideration.'" (citations omitted)).

¶19 The District Court erred when it failed to consider extrinsic evidence of intent at the time of contracting, and its grant of summary judgment to Bailey therefore was premature. We reverse and remand for the court to consider extrinsic evidence of intent and to determine whether the object of the contract is ascertainable and may be enforced.[3]

## CONCLUSION

¶20 Although the District Court correctly determined that the Agreement's right of first refusal provision is ambiguous, it erred by failing to consider whether extrinsic evidence could resolve the ambiguity. The District Court therefore prematurely determined that the

---

[3] Because we conclude that the District Court erred in granting summary judgment on this threshold issue of contract interpretation, we do not reach BMK's remaining arguments.

provision was unenforceable as a matter of law. We reverse the District Court's order granting summary judgment to Bailey and remand for further consideration consistent with this Opinion.

/S/ BETH BAKER

We Concur:

/S/ CORY J. SWANSON
/S/ KATHERINE M. BIDEGARAY
/S/ JAMES JEREMIAH SHEA
/S/ INGRID GUSTAFSON