No. 89-354

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

_____

BERGLUND and BERGLUND, INC.,

          Petitioner and Appellant,

   -vs-

CONTRIBUTIONS BUREAU, UNEMPLOYMENT INSURANCE
DIVISION, MONTANA STATE DEPARTMENT OF LABOR
AND INDUSTRY, and BOARD OF LABOR APPEALS, MONTANA
STATE DEPARTMENT OF LABOR & INDUSTRY,

          Respondents.

_____

APPEAL FROM:  District Court of the Fourth Judicial District,
              In and for the County of Missoula,
              The Honorable Jack L. Green, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

          Brian L. Delaney; Mulroney, Delaney & Scott, Missoula,
          Montana

      For Respondent:

          David Scott, Dept. of Labor & Industry, Helena, Montana

_____

Submitted on Briefs:  Dec. 1, 1989

Decided:  January 9, 1990

_____
Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

Berglund and Berglund, Inc. (Berglund), appeals a memorandum and order of the District Court for the Fourth Judicial District, Missoula County. That memorandum and order affirmed a decision of the Board of Labor Appeals (Board), which in turn affirmed a hearing officer's decision that compensation paid for travel expenses to Berglund's employee truck driver constituted wages reportable to and taxable by the Unemployment Insurance Division (Division). We affirm.

The issue is whether the District Court abused its discretion in affirming the administrative decision.

Berglund is a long-haul trucking company located in Missoula, Montana. It owns one truck and employs one driver.

According to the record, Berglund's truck driver is paid 10 cents per mile, plus 7½ cents per mile for travel expenses. The driver is not required to itemize travel expenses because the travel allowance is based upon the miles he drives. The 10 cents per mile is reported to the Internal Revenue Service as income to the driver and the 7½ cents per mile is reported as non-employee compensation. Mrs. Berglund, one of the incorporators, testified that Berglund believed that it had structured this pay plan so that the travel expenses would not be taxed for purposes of unemployment insurance.

After a field audit, an auditor for the Division determined that the compensation Berglund paid its driver for travel expense, at 75 percent of the wages paid, "does not appear reasonable." He noted that Berglund's system of payment required no documentation of travel expenses at all and decided that the travel expenses must be included in the wages reportable to and taxable by the Division.

Berglund appealed to the Appeals Bureau of the Department of Labor and Industry and a hearing was held. The hearing officer concluded that travel expenses were within the definition of "wages" in § 39-51-201(17), MCA (1985) (now subsection (18) of the same statute). He reasoned that the 7½ cents per mile for travel expenses should be included as wages, thereby increasing unemployment benefits in the event of unemployment. He cited the duty to construe the Unemployment Insurance Act in favor of the allowance of benefits. See Scott v. Smith (1962), 141 Mont. 230, 241, 376 P.2d 733, 739. The Board adopted the hearing officer's findings and decision.

Berglund next appealed to the District Court for the Fourth Judicial District. The court recited its limited standard of review of administrative decisions. It found substantial evidence to support the Board's decision and affirmed.

Did the District Court abuse its discretion in affirming the administrative decision?

Our standard for review of administrative findings of fact is whether they are supported by substantial evidence. In reviewing questions of law, we will reverse if there has been an abuse of discretion. City of Billings v. Billings Firefighters (1982), 200 Mont. 421, 430-31, 651 P.2d 627, 632.

Berglund's objections are based on the hearing officer's reliance, in his findings and conclusions, upon § 39-51-201, MCA, and ARM 24.11.808. Neither the statute nor the administrative rule was discussed at the hearing. At the hearing, the parties referred instead to a three-criteria test set out in Division guidelines for whether a travel allowance was subject to unemployment contributions tax. That test had been discussed in correspondence from the Division to Berglund.

The statute and rule relied upon by the hearing officer provide the definition of "wages" for purposes of unemployment insurance. The statute contains a list of items which are excluded from wages. Because travel expenses are not listed as exclusions from wages, the hearing officer concluded that they must be included.

Berglund argues that it was denied its constitutional right to due process because it was not given notice of the criteria which would ultimately be relied upon in making this decision. But

4

both the statute and rule are published. Furthermore, Berglund had several weeks to review the hearing officer's proposed findings and conclusions, including their legal theories, between the time they were issued and the hearing before the Board.

Berglund argues that the court should have reversed the Board because the Board failed to apply the proper criteria (the three criteria listed in the Division guidelines) in determining whether the travel allowance constituted wages. However, it is undeniable that the statute and administrative regulation apply. If a statute and a rule adopted in conformity therewith conflict, the statute governs. Michels v. Dept. of Social & Rehab. Services (1980), 187 Mont. 173, 177-78, 609 P.2d 271, 273. Therefore, Berglund must ultimately comply with the statute. We conclude that the Board used the correct laws and regulations in determining whether the travel expenses were wages.

Next, Berglund contends that the Board should have been reversed because it "failed to comply with [its] duty to promulgate and make known clear and concise rules and guidelines which would put the public on adequate notice of what is expected of it in order to comply with [defendant's] policies." By promulgating the guidelines which Berglund argues would allow its driver's travel expenses to go untaxed, Berglund maintains that the defendants waived their right to or are equitably estopped from relying on the statute and administrative rule.

5

Estoppel is not favored and will only be sustained upon clear and convincing evidence. Kenneth D. Collins Agency v. Hagerott (1984), 211 Mont. 303, 310, 684 P.2d 487, 490. Here, Berglund has not shown by clear and convincing evidence the element of equitable estoppel requiring reliance upon a misrepresentation to the relier's detriment. (See Sweet v. Colborn School Supply (1982), 196 Mont. 367, 372-73, 639 P.2d 521, 524, for the elements of equitable estoppel.) Berglund has not demonstrated by clear and convincing evidence that if the guidelines were applied, it would be in a better position, because Berglund has not shown that it met criteria no. 3 under the guidelines. That criteria required that the amount of travel reimbursement approximated actual expenses as documented on a reasonable basis. Berglund's truck driver was required to keep no records of travel expenses whatsoever. It is immaterial whether, as Berglund contends, the amount of its payments for travel expenses was within Internal Revenue Service parameters.

The District Court found substantial evidence to support the Board's findings. It concluded that there had been no abuse of discretion in the law applied. We agree.

Affirmed.

J. A. Turnage
_____
Chief Justice

6

We concur:

_John Conway Harrison_

_John C Sheehy_

_[signature]_

_Diane G. Barz_
Justices