JUSTICE WEBER
dissents and concurs as follows:
In order to clarify my dissent, I will address the issues in a different order than in the majority opinion.
II (as listed in majority opinion)
Can an allegation that a Farm Credit Bank failed to comply with the restructure provisions of the Agricultural Credit Act of 1987 provide an affirmative defense to a foreclosure action by that Bank?
The Agricultural Credit Act of 1987 (Act) contains an extensive array of procedures which both lenders and farmers must follow. It is true that the Act neither specifically requires nor denies judicial review of a restructuring decision by a lender. That is the critical issue before us in the present case. A review of a restructuring decision is specifically provided for in the Act by the use of the Credit Review Committee (Committee). With regard to the Committee the Act specifically provides that participation in the Committee is limited to persons who have not previously been involved in the decision on restructuring. 12 CFR § 614.4442. The record does not indicate that anyone involved in the restructuring decision with the Graveleys was a part of the Credit Review Committee.
The Graveleys stated in a memorandum dated September 12, 1990, that “they were accorded their procedural rights.” In other words, they were properly given the opportunity provided by the Act to question the restructuring decision and to appeal the same to the Credit Review Committee. As a result, the procedural requirements of the Act were not questioned. The Graveleys filed an amendment to their complaint in which they alleged that the Bank’s denial of the restructure application was contrary to provisions of the Act’s atten *31 dant regulations and, as a consequence, breached the terms of the contract between the parties.
In considering the question of allowing a party to sue to enforce the Act, and its regulations it is essential to carefully consider Harper v. Federal Land Bank of Spokane (9th Cir. 1989), 878 F.2d 1172, which is the leading case on this issue and has been cited frequently by many courts throughout the United States. The Harper court concluded there was no congressional intent to create a private right of action in courts, stating:
Even if the congressional statements are ambiguous on the creation of private right of action, our review of the administrative remedies provided by the 1987 Act convinces us that Congress intended administrative review to be the exclusive remedy. (Emphasis supplied.)
Harper, 878 F.2d at 1176; citing Middlesex County Sewerage Authority v. National Sea Clammers Ass’n (1981), 453 U.S. 1, 15, 101 S.Ct. 2615, 2623-24, 69 L.Ed.2d 435. With regard to the aspect of judicial review, the Ninth Circuit Court then concluded:
In the absence of strong indicia of a contrary congressional intent, we are compelled to conclude that Congress provided precisely the remedies it considered appropriate. (Emphasis supplied.)
Harper, 878 F.2d at 1176; citing Karahalios v. National Fed’n of Fed. Employees, Local 1263 (1989), 489 U.S. 527, 533, 109 S.Ct. 1282, 1287, 103 L.Ed.2d 539.1 will not burden the dissent with additional citations but I do point out that the great maj ority of cases considering the issue have adopted the Harper rationale. I conclude that we should follow the Harper rationale and hold that administrative review under the Act is the exclusive remedy available to the Graveleys. Under that conclusion, the Graveleys only appeal was to the Committee.
With that background conclusion, I now consider the issue as to whether the Graveleys may provide an affirmative defense to foreclosure which consists of a claim that the Bank failed to comply with the restructure provisions. Where the parties are already before the court on cross-claim of foreclosure, I would conclude that it is appropriate to allow the Graveleys to raise such a question. But I would emphasize at this point, that the nature of the action is equitable. The legal claim of breach of contract is not permitted under the Farm Credit Act. All that is left is the lender’s equitable claim of foreclosure.
I would point out that the Graveleys did have an option under the Act that they did not take; their contract called for protest to errors *32 in valuations by having-another independent appraisal .done of “any interests in property securing the loan.” 12 USC § 2202(d)(1)(1988). The Graveleys did not even attempt to secure a second appraisal which they should have done 'before attempting to hire their own expert. The Act requires that the Graveleys choose from three independent appraisers whose names would be provided by the Bank. 12 ÚSC § 2202(d)(2)(1988). Had they done this; the Graveleys could have established, a basis to contest errors in- the- Warehime worksheet. Instead, they seek to have the District Court do this.
What the Graveleys argue is that it is appropriate for the District Court to go over the Bank’s worksheet for substance and determine whether the Bank made a correct restructuring decision. That clearly is not the intention of the. Congress under the-terms of.:the Act. Congress prescribed a detailed set of procedures which must be followed.
I conclude the District Court could properly review the facts to determine if the procedures used under the Act have been completed by the Bank; if not, this failure can act as a defense to the lender’s foreclosure action. However, I would further conclude, that the Act does not provide for judicial review of the substarice-of the Bank’s denial of the restructuring decision^ The power of the District Court is liráitedj» a determination, of whether the Bank followed the proper procedures as laid out both in the extensive code and in the attendant regulations .ywould therefore affirm the District Court’s determination that the Farm Act and its regulations preempt other remedies by providing an exhaustive set of remediés and¡rights.
I.
.When provisions of the Act are included by reference as terms in a mortgage agreement, can a party to the agreement sue to enforce .those provisions in. District Court?.
. As previously indicated, I.have concluded that the Graveleys can sue to enforce-the Act to the'extent of the restructure provisions by using failure to.comply with the Act as a defense to foreclosure but that is as -far as the Act . would allow. Once the court determines whether the lender followed procedures of the Act and its-regulations I would not allow any further right of action to the Graveleys.
III
Can unilateral representations allegedly made by the Bank upon which.the borrower relies to its. detriment, provide a basis for the *33 affirmative defense of equitable estoppel to a foreclosure action, when the representations are verbal and not included in the parties written agreement?
Equitable estoppel is a principle of equity used to promote justice, honesty, fair dealing and to prevent injustice; the object of equitable estoppel is to prevent a party from taking advantage of his own wrong while asserting his strict legal right. Matter of Adoption of D.J.V. (1990), 244 Mont. 209, 796 P.2d 1076. Equitable estoppel is not favored" and will only be sustained upon clear and convincing evidence. Berglund and Berglund, Inc. v. Contributions Bureau, Unemployment Ins. Div., Montana State Dept. of Labor and Industry (1990), 241 Mont. 49, 784 P.2d 933.
If the underlying action is one for foreclosure, the Graveleys have the right to raise an affirmative defense in an attempt to stop the foreclosure. While it seems only logical" that they could raise the affirmative defense of equitable estoppel, our case law on the subject would hold the Graveleys to a high standard of proof. As the aforementioned case law indicates, the defense of equitable estoppel is not favored in the law and will only be sustained upon clear and convincing evidence. But although it may be hard to prove, the Graveleys should be given an opportunity to prove it because of the lender’s cross-claim for foreclosure and because a question of fact exists. I would therefore, affirm the District Court in its refusal to grant summary judgment to the lender on this issue.
I would point out that the District Codrt’s attendant determination that if the factfinder decided that the Graveleys had proven their claim of equitable estoppel, then the Bank is also estopped from obtaining a security interest on the Graveleys Home Place as a condition to granting their restructure obligation is an accurate assessment of the situation. However, the court’s converse determination is not correct. Conversely the court determined that if the Graveleys failed in their quest to prove the estoppel claim, then the Graveleys affirmative defense that the lender did not comply with the regulations attendant to the Act will be dismissed aS a matter oflaw because the Bank would "have been justified in denying the application for restructure based on the Graveleys’ refusal to provide additional collateral.
I find these notions only tenuously bound to each other. The majority opinion determines that the lender had no legal right to ask for collateral. I find that the Farm Act, which is what has been incorporated into the Graveleys’ contract, certainly contains several *34 references to the lender’s ability to . demand additional collateral. Particularly 12 U.S.C. § 2202(d)(4)(1988):
Additional Collateral. An independent appraisal shall be permitted if additional collateral for a loan is demanded by the qualified lender when determining whether to restructure the loan. (Emphasis added.)
This is a clear indication that the majority’s conclusion that the lender does not have the right to ask for additional collateral is in error.
Another section of the Farm Act prohibits foreclosure if the lender has asked for additional collateral and the borrower refuses, but has made all accrued payments of principal. 12 U.S.C. 2202d (1988). Here the record shows that the Graveleys made only the first payment of principal which was due on January 1,1985, and have failed to make any subsequent payments of principal. This also indicates that the lender can request additional collateral. The Graveleys had notice that collateral could be asked for as these provisions were part of their contract.
I concur with the majority opinion that equitable estoppel can be used as an affirmative defense, subject to the cases previously cited. I do not agree that the lender was without authority to ask for collateral.
IV
Are the plaintiffs entitled to a jury trial of the issues remaining after resolution of the three previous issues?
Without the contract action by the Graveleys, the underlying action in this case is foreclosure. That is an equitable action. Every defense proffered by the Graveleys is an equitable defense. Because of the equitable nature of the action and the defenses, a trial by jury is inappropriate. No equitable action can have a jury as the factfinder, it is for the court to decide.
The majority contends based upon its interpretation of the first three issues, that the case involves legal and equitable issues. I disagree because I do not interpret these issues as does the majority.
The Graveleys cannot bring an action in state court because the Act does not permit a private right of action. Thus, the only action that is appropriate in the state court is the lender’s cross-claim for foreclosure. The foreclosure action while appropriate in state court, is an equitable action in which no jury is permitted. Therefore, I would reverse the District Court’s refusal to grant the lender’s motion to strike the Graveleys’ demand for jury trial.